The STATE of Missouri, at the relation of WESTON SPECIAL BENEFIT ASSESSMENT ROAD DISTRICT OF PLATTE COUNTY, Missouri, Relator,

v.

Fred H. MAUGHMER, Judge of the Fifth Judicial Circuit of Missouri, and Judge of the Circuit Court of Platte County, Missouri, Respondent.

No. 22185.

Kansas City Court of Appeals.

Missouri.

Jan. 10, 1955.

Robert P. C. Wilson, III, Platte City, Robison & Miller and John J. Robison, Maysville, for relator.

John W. Coots, Platte City, for respondent.

BROADDUS, Judge.

This is an original proceeding in prohibition wherein relator seeks to prohibit the Honorable Fred H. Maughmer, Judge of the Circuit Court of Platte County, from further proceeding to hear and determine the case styled "Burl C. Wheeler, et al., v. Weston Special Benefit Assessment Road District of Platte County, Missouri." Upon the filing of the petition for the writ we issued our preliminary rule. Respondent made his return and relator filed its motion for judgment on the pleadings.

The facts are: Relator, as its name indicates, is a special road district embracing 60,641 acres of land in Platte County. It was organized under the provisions of what is now Section 233.170 RSMo 1949, V.A. M.S. On May 4, 1953, there was filed in the County Court of Platte County, a petition praying for the dissolution of the relator road district. Said petition was filed under the provisions of Section 233.295 RSMo 1949, V.A.M.S. That statute reads as follows:

"Whenever a petition, signed by the owners of a majority of the acres of land, within a road district organized under the provisions of sections 233.170 to 233.315 shall be filed with the county court of any county in which said district is situated, setting forth the name of the district and the number of acres owned by each signer of such petition and the whole number of acres in said district, the said county court shall have power, if in its opinion the public good will be thereby advanced to disincorporate such road district. No such road district shall be disincorporated until notice be published in some newspaper published in the county where the same is situated for four weeks successively prior to the hearing of said petition."

As appears by said petition for dissolution, the signers thereof owned 36,567.72⅓ acres, or more than a majority of the acres within the road district.

The County Court set the hearing on said petition for June 1, 1953, at 10:00 o'clock a. m. It also ordered the County Clerk to publish notice as required by the statute, which was done. When the matter was called for hearing on June 1, 1953, a petition was presented to the County Court by the owners of 13,563.50 acres of land within said district, asking the Court "to deny the petition for dissolution * * * heretofore filed * * *." The persons signing the petition for denial had also signed the original petition for dissolution. The record of the County Court recites: "It is hereby ordered that the petition to deny the petition for dissolution be filed at this time, but it is the unanimous decision of the Court that it be denied. At this time witnesses were called and the testimony having been heard the County Court after discussion orders the matter continued until Thursday, June 4, 1953, at 10:00 a. m."

On the latter date the County Court entered an order "disincorporating" the relator district. Thereafter, an appeal was duly taken by relator and said cause was lodged for hearing before the respondent. When the cause was called for hearing before respondent on November 23, 1953, a motion was filed by certain persons who had signed the original petition for dissolution praying that their names "be stricken from said petition," and that they "be permitted to withdraw from said cause." These individuals owned 14,874.07 acres of land within the relator district. Respondent refused to permit said withdrawal. Whereupon, the relator on December 30, 1953, filed a motion to dismiss for the following reasons:

"(1) That upon said pleadings filed in said cause the Petition of Respondents for Dissolution does not state a cause of action. (2) That under the pleadings filed in said cause that the Court does not have jurisdiction to hear said cause. (3) That under the pleadings filed in said cause it appears that at the time the above Court had appel-

late review of said cause, the petitioners did not have a majority in acres of land within said District. (4) That under the pleadings filed in said cause, it now appears that the petition for dissolution does not have a majority of the acres of land in said District by owners thereof on said Petition."

On March 8, 1954, respondent denied said motion and informed all parties that it was his intention to hear the cause during the month of June, 1954, unless prohibited from so doing by order of a superior tribunal. Following that announcement and on May 21, 1954, relator filed the instant proceeding.

We have reached the conclusion that under the recent holding of our Supreme Court in the case of Kansas City v. Rooney, 363 Mo. 902, 254 S.W.2d 626, 627, our provisional rule heretofore issued should be discharged.

In the above case relators sought to prohibit Honorable James S. Rooney, Judge of the Circuit Court of Clay County from proceeding in an appeal taken by certain land owners from an order of the County Court of Clay County denying their petition for incorporation of a certain area of land in said county as the Village of Pleasant Valley.

After holding that an appeal from the judgments and orders of County Courts is authorized by Section 478.070 RSMo 1949, V.A.M.S., the Court said:

"The procedure to be followed and the scope of review on such an appeal is provided by Section 49.230. *However, the 1945 Constitution has taken all judicial power from the County Court so that it is no longer a judicial court but has become an administrative body.* Section 22 of Article V of the Constitution authorizes appeals from decisions of administrative bodies and provides the scope of review. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647, 649. *Therefore, the scope of review on any appeal from the County Court is that provided by Section 22, Article V.* As we held in the Wood case, all previous statutes are amended by substituting the provisions of Section 22, Article V, for any scope of review previously stated, because the constitutional standard of review 'is mandatory and requires no legislation to put it into effect.' Thus, *the provision in Section 49.230* that a circuit court on an appeal from a county court 'shall proceed to hear and determine the same anew, and in the same manner as if such cause had originated in such appellate court', *has been repealed by Section 22, Article V,* and the scope of review stated in said constitutional provision substituted therefor, namely: 'such review shall include the determination * * * whether the same are supported by competent and substantial evidence upon the whole record.'

"In other words, *review by a Circuit Court of decisions of a County Court are now on the same basis as review of awards of Workmen's Compensation or orders of the Public Service Commission.* As we recently pointed out in Michler v. Krey Packing Company [363 Mo. 707], 253 S.W.2d 136, 142, decisions of administrative tribunals are not reviewed de novo because courts have no authority to make findings of fact in such cases. An administrative tribunal 'is the fact-finding body, and the Court examines the evidence not to make findings for the Commission but to ascertain whether its findings are properly supported.' This 'does not mean that the reviewing court may substitute its own judgment on the evidence for that of the administrative tribunal. *But it does authorize it to decide whether such tribunal could have reasonably made its findings,* and reached its result, upon consideration of all of the evidence before it; and to set aside decisions clearly contrary to the overwhelming weight of the evidence.'

"Therefore, the *Circuit Court of Clay County has jurisdiction of the appeal and prohibition should be denied."* (Emphasis ours.)

Under the above decision we are compelled to hold that respondent has jurisdiction of the appeal and authority to decide whether the County Court could reasonably have made its findings, and reached its result, upon consideration of all the evidence before it. The preliminary rule is discharged and peremptory writ denied.

All concur.