STATE ex rel. ALOE INSTRUMENT COMPANY, Relator, v. FRED C. MEIER, Etc., Respondent.

**St. Louis Court of Appeals, August 6, 1902.**

1. **Election Commissioners of the City of St. Louis: STATUS OF OFFICE OF ELECTION COMMISSIONERS OF ST. LOUIS DEFINED.** The office of election commissioner of the city of St. Louis was created by an act of the General Assembly, the incumbents of the office are the appointees of the Governor, their functions apply to both the city and State and are designed to aid in carrying out, in part, the policy of the State, to secure fair city and State elections.

2. ——: ——: CONSTRUCTION OF CHARTER OF ST. LOUIS CITY. An election commissioner of the city of St. Louis does not come within the letter or spirit of section 10, article 4 of the charter of the city of St. Louis, and is not disqualified from bidding under an advertisement made by the "commissioner of supplies" of the city of St. Louis for bids to furnish the city with supplies, because he is the president of a corporation which offers to bid to furnish said supplies.

Original Mandamus Proceeding.

PEREMPTORY WRIT AWARDED.

BLAND, P. J.—The substantial allegations of the alternative writ of mandamus are that plaintiff is a corporation dealing in optical goods, supplies, etc., in the city of St. Louis; that A. S. Aloe is the president of the corporation; that on April 1, 1902, A. S. Aloe was appointed election commissioner in and for the city of St. Louis; that he has qualified and is now acting as such commissioner; that defendant is supply commissioner of the city of St. Louis; that as such, in pursuance of section 2448 of the Municipal Code, he published in the newspaper doing the printing for the city of St. Louis the following advertisement:

"Office of Commissioner of Supplies,
City Hall, August 1, 1902.

"Sealed proposals will be received by the undersigned, to be opened at his office at 12 o'clock m., on Tuesday next, the fifth inst., for furnishing the fire department with twenty-four iron beds with woven wire mattresses as per requisition 61. Beds must be like sample to be seen at Engine House No. 6. Certified check for $100 must accompany each bid. Call on commissioner of supplies for blanks and further information. Bids must be in duplicate, free from all alterations or erasures, and to both the original and duplicate must be attached a copy of this advertisement. All bids having any alteration or erasure thereon will be rejected. The commissioner reserves the right to reject any or all bids. "FRED C. MEIER,
"Commissioner of Supplies."

That relator prepared and submitted to the defendant in his official capacity a sealed bid or proposal by relator in conformity with said advertisement which he, relator, believed when opened would be found the lowest bid or proposal submitted; that defendant refused to receive or entertain the bid on the ground that because of the office held by the president of the relator the corporation could not lawfully make a contract for supplies for the city.

Defendant entered his voluntary appearance to the alternative writ and filed his demurrer thereto, the third and fourth grounds of which are as follows:

"3. The facts stated in said alternative writ of mandamus show that the respondent as commissioner of supplies of the city of St. Louis can not lawfully enter into a contract on behalf of the city of St. Louis, with the plaintiff, the A. S. Aloe Instrument Company, for supplies to be furnished the city of St. Louis by said plaintiff.

"4. No valid contract can be made between the city of St. Louis on the one part, and the A. S. Aloe Instrument Company on the other, for furnishing sup-

plies to the city of St. Louis or any of its departments or officials, while the president of said A. S. Aloe Instrument Company is election commissioner in and for the city of St. Louis.''

The demurrer raised the question whether or not relator is prohibited from contracting with the city. Section 10, article 4, of the city charter is as follows:

''All elected and appointed officers shall possess the following qualifications: They shall have been citizens of the United States and of the city of St. Louis for at least two years previous to their election and shall be able to read and write the English language. They shall not at the time of their election be in arrears to the city for taxes or indebted to the city in any way. They shall not be interested either directly or indirectly, in any contract with the city, either for work to be performed or supplies to be furnished. They, excepting the commissioners of charitable institutions, shall not hold any State or Federal office, and shall hold their offices until their successors are duly qualified.''

The election commissioners for the city of St. Louis are appointed by the Governor of the State by and with the advice and consent of the Senate (section 7223, R. S. 1899) and are by the same section required to give bond to the State to be filed with the Secretary of State. The salaries of the commissioners, including clerk hire, office supplies and expenses, are required to be paid by the city. Section 7276, R. S. 1899. The election commissioners are required by legislative act to supervise the registration of voters within the city limits of the city of St. Louis and appoint all the clerks and judges of all state and city elections held therein and are made the canvassing board of the returns. Article 8, chapter 2, R. S. 1899. Their functions are therefore not limited to municipal elections.

In State ex rel. v. Higgins, 144 Mo. 410, a State officer, within the meaning of section 12, article 6 (defining the jurisdiction of the St. Louis Court of Appeals) was defined to be one whose official duties and

functions are co-extensive with the boundaries of the State.

In State ex rel. v. Bus, 135 Mo. l. c. 337, it is said, "The sheriff of the city of St. Louis is an officer of the city in the same sense that the sheriff of the county is an officer of the county. He is no more a municipal officer than a sheriff of the county is an officer of a municipal corporation, the territory of which is included within the county."

In State ex rel. v. Rombauer, 101 Mo. 499, it was held that the right to the office of clerk of the circuit court comes within the meaning of the clause of the Constitution (article 6, section 12) conferring appellate jurisdiction on the Supreme Court in cases involving "title to any office under the State."

In Garnier v. City of St. Louis, 37 Mo. 554, commissioners appointed by an act of the Legislature to sign certain city treasury warrants to be delivered to the city treasurer and issued by the city to circulate as money, were held to be State officers.

In State ex rel. v. Mason, 153 Mo. 23, it was held that the police boards and the metropolitan police force, appointed under the laws of the State, are State officers.

It is more the source from which an office emanates than the functions of the office, that give it character. And we think it is correct to say, both upon principle and authority, that all offices provided for by the Constitution or created by legislative enactment and which are to be filled by an election to be held under the laws of the State, or by appointment from the Governor, are in a general sense State offices and their incumbents State officers, while all offices created by the charter of a city, or ordinance passed in pursuance thereof, are municipal offices. The office of election commissioner of the city of St. Louis, as we have seen, was created by an act of the General Assembly, the incumbents of the office are the appointees of the Governor, their functions apply to both the city and State and are designed to aid in carrying out, in part, the policy of the

State, to secure fair city and State elections and an honest count of the vote. Their duties are all defined by statute and they have nothing whatever to do with the passage, execution or administration of the ordinances of the city, and are in no sense city officers but are officers holding office under the laws of the State, and are, in a broad sense of the term, State officers. They come neither within the letter nor the spirit of section 10, article 4, of the city charter, supra, and we hold that the relator is not disqualified from bidding under the advertisement above quoted by reason of the fact that A. S. Aloe, its president, is an election commissioner.

The demurrer is overruled and a peremptory writ of mandamus is awarded. *Barclay* and *Goode, JJ.,* concur.