**Autrey L. WHITE, guardian, et al., Appellants,**

v.

**John H. POELKER et al., Respondents.**

**No. 36189.**

Missouri Court of Appeals, St. Louis District, Division Two.

March 11, 1975.

Chopin & Boisaubin, George D. Chopin, St. Louis, for appellants.

Jack L. Koehr, City Counselor, James J. Gallagher, Assoc. City Counselor, John R. O'Malley, Asst. City Counselor, St. Louis, for respondents.

CLEMENS, Presiding Judge.

Plaintiff, guardian of the estates of his deceased sister's minor children, seeks recovery of death benefits claimed to be due the children by reason of his sister's employment with the St. Louis Board of Election Commissioners (Election Board). The Board of Trustees of the St. Louis City Retirement System (Retirement Board) denied the claim. The circuit court affirmed the denial, and plaintiff appeals.

The issue is whether or not plaintiff's sister, Mrs. Ardella Sampler, was a "member" of the City Retirement System the day she died. If so, her children would be entitled to benefits of $5,500.

These facts are stipulated: The Election Board hired Mrs. Sampler November 3, 1969. She was hospitalized July 6 to 11, sick from October 5, to 28, and again hospitalized October 29. On November 15, she reported she had left the hospital but was ill, and she was granted sick leave to November 19.

Through November 19, Mrs. Sampler was on sick leave with pay. On November 20 and 21, she received compensatory pay for previous overtime. She also received paid vacation time from November 23 to 28 and additional compensatory time from November 29 to 31. On December 1 and 2 she was granted additional sick leave, and on December 3, 1970, the Election Board ordered her "removed from the payroll." Mrs. Sampler died January 24, 1971.

At the Retirement Board hearing, plaintiff testified he lived with his sister and her children and looked after their affairs during the sister's illness. He testified he opened the mail and took it to his hospitalized sister, but he did not see a December payroll removal letter from the Election Board. He added it was possible his niece may have taken some mail to the hospital.

Harry Lietz was responsible for daily operation of the Election Board office. He testified he attended a Board meeting December 2 or 3, 1970, during which the Board "ordered the removal and dismissal of Mrs. Sampler." He drafted and signed a dismissal letter to Mrs. Sampler. His secretary testified she typed and "sent" the letter. Although the Board keeps copies of all correspondence, no copy of this letter could be located.

In a pre-trial deposition, Mr. Leitz testified the Election Board had dismissed Mrs. Sampler on December 3, 1970, "until such time as she could come back," that is, when her health permitted. He further testified the Board customarily told dismissed employees they could return to work upon recovery from illness, and the Board had no policy as to how long an employee could be out on sick leave. Employees who re-

turned after recovery were paid their pre-sick leave salaries.

Termination of membership in the Retirement System is governed by City Ordinance No. 55041, § 59.020. Paragraph 3 provides as follows: "Membership ceases on termination of employment by resignation, discharge, death, retirement or if for any other reason except military service he is not on the payroll of an employer for more than twelve consecutive months or in any event on withdrawal of accumulated contributions." It was agreed Mrs. Sampler had not resigned, retired or withdrawn her contributions.

In its findings of fact, the Retirement Board concluded that "removal of Mrs. Ardella Sampler from the payroll on December 3, 1970 terminated her membership in the Employees Retirement System effective December 3, 1970." The Retirement Board therefore denied plaintiff's claim for the $5,500 in death benefits.

Our review is confined to the only point briefed: "Is the Retirement Board's decision based upon competent and substantial evidence? Maxey v. General Electric Co., 382 S.W.2d 67 [1] (Mo.App.1964).

■ Under these facts, we may affirm the Retirement Board's decision only if we can hold Mrs. Sampler was discharged within the meaning of Ordinance No. 55041. If she was simply "removed from the payroll" and granted sick leave, her Retirement System membership would not have terminated until twelve months later. The Retirement Board made no specific finding that the Election Board had discharged Mrs. Sampler. And we cannot assume the Retirement Board would have found Mrs. Sampler to have been discharged had the Board ruled on that issue. Stephen and Stephen Properties, Inc. v. State Tax Comm'n., 499 S.W.2d 798 [6] (Mo.1973). The Retirement Board erroneously concluded that mere removal from the payroll constituted automatic termination of Retirement System membership. We are not bound by the Retirement

Board's erroneous interpretation of the ordinance. Gilmore v. Thompson, 413 S.W. 2d 20 [1] (Mo.App.1967).

We find no substantial and competent evidence which supports a finding that Mrs. Sampler was "discharged" within the meaning of the ordinance. The only evidence relating to the Election Board's December action came from defendants' witness Mr. Leitz, whose testimony showed Mrs. Sampler was removed from the payroll subject to return upon her recovery. In effect, the Election Board granted Mrs. Sampler a leave of absence; it did not discharge her. The terms of the ordinance contemplate precisely this situation, in which employees are removed from payrolls but not discharged. Since Mrs. Sampler was not discharged, she was still a member of the Retirement System when she died.

The judgment of the trial court is reversed and the cause remanded to the Circuit Court with instructions to order the Board of Trustees of the Retirement System of St. Louis to enter judgment for plaintiff.

KELLY and STEWART, JJ., concur.