Peter Paul VIOLA, Appellant,

v.

CUSTOM COATINGS, INC. and Bituminous Casualty Corporation, Respondents.

No. 46342.

Missouri Court of Appeals, Eastern District, Division Two.

Jan. 17, 1984.

P. Dennis Barks, Berkemeyer & Barks, Hermann, for appellant.

Frank J. Lahey, Jr., Graff & Lahey, St. Louis, for respondents.

CRIST, Presiding Judge.

Appellant (claimant) appeals the decision of the Labor and Industrial Relations Committee affirming the denial of a worker's compensation claim. We reverse and remand.

Claimant, a paperhanger, arrived at his job site on the morning of March 9, 1981, and along with co-worker, unloaded their materials and prepared for work. They then noticed the room had not yet been readied for wallpaper and claimant called their boss for further instructions.

The room they were to work in and from which claimant called his boss contained no furniture. Claimant made the call while sitting "Indian style" next to the telephone on the floor. Following his conversation with his boss, claimant handed the receiver to his co-worker because the boss wished to speak with him. As claimant uncrossed his legs to get up, he put his right hand on the floor and pushed up. Apparently, claimant placed too much weight on his right leg, heard a loud pop from his right knee, and felt immediate pain in that area. Unable to stand, claimant sat back down on the floor.

Claimant was unable to complete work that day and required assistance in loading his tools into his truck. He sought medical attention immediately after returning home. Claimant had never suffered a previous injury or disability to his right knee.

At the hearing, claimant admitted having sat in similar positions before. He testified nothing struck his leg nor did he hit it in any way at the time he was injured. He did not trip or fall over anything. The simple act of getting up from an awkward position was the medical cause of the tear to claimant's right medial meniscus. Claim-

ant was forced off work for five weeks for the surgery and recovery necessary to repair the tear.

The Worker's Compensation Law places upon employers the losses sustained by employees resulting from injuries arising out of and in the course of employment. The term "accident" is to be liberally construed, focusing "on the fact that the injury has occurred rather than what act or force immediately preceeded the injury." *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783–85 (Mo. banc 1983). The Administrative Law Judge found the injury "took place while the claimant was within the course and scope of his job" but denied compensation only because an accident, as defined at that time, was not shown by a "slip, loss of balance or external trauma." *Wolfgeher* mandates reversal.

Judgment reversed and remanded for further proceedings to determine the amount of compensation allowable to claimant.

PUDLOWSKI and SIMON, JJ., concur.