**Clark BRAY, Plaintiff-Appellant,**

v.

**Walter KLEIN, et al.,**
**Defendant-Respondent.**

**No. 49085.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

C. John Pleban, St. Louis, for plaintiff-appellant.

Eugene P. Freeman, St. Louis, for defendant-respondent.

PUDLOWSKI, Presiding Judge.

This is an appeal from an order of the circuit court affirming the decision of the Board of Trustees of the Alternative Police Retirement System of St. Louis, Missouri awarding appellant an ordinary pension and declining his request for a line of duty disability pension. We affirm.

Appellant, Clark Bray, was employed as a turnkey with the St. Louis City Police Department. On May 25, 1979, appellant was injured while involved in an accident with a prisoner. During the weeks that followed the incident, appellant sought medical treatment from numerous doctors for subsiding pain and swelling in his left hand, elbow and knee.

On November 25, 1981, appellant made an application to respondent, the Board of Trustees of the Police Retirement System of St. Louis, (Board of Trustees) for accidental disability benefits. Three members of the Retirement Medical Board examined appellant to determine his fitness for duty together with the cause of any unfitness or inability to perform such duty. The Medical Board determined that appellant was unable to perform all duties required of a police officer.

The Board of Trustees agreed in part with the Medical Board that appellant was unfit for duty but granted him instead an ordinary disability. The Board of Trustees found that appellant was suffering from a "long-present condition of psychological abnormality which affects his assessment of his physical condition and ability to properly perform his police duties" and that "the incident occurring on May 25, 1979, was not the proximate or immediate cause of appellant's physical and psychological disability."

Appellant's sole point on appeal alleges trial court error in affirming the decision of the Board of Trustees. Appellant contends that the decision of the Board of Trustees is not supported by competent and substantial evidence as a whole.

■ Decisions of the Board of Trustees of the Alternative Police Retirement System of St. Louis are subject to appellate review. § 536.140 RSMo (1978). In reviewing the decision, this court must determine whether a decision of any administrative body is supported by competent and substantial evidence upon the record as a whole. *Cox v. Sayad,* 647 S.W.2d 884, 885 (Mo.App.1983); § 536.140(2) RSMo (1978). In applying this standard, we review the record in light most favorable to the findings of the Board of Trustees considering the favorable inferences which they had the right to draw. *Dunning v. Board of Pharmacy,* 630 S.W.2d 155, 157 (Mo.App. 1982); *Hanebrink v. Parker,* 506 S.W.2d 455, 457 (Mo.App.1974).

■ The standard for granting service connected disability retirement benefits is set forth in § 86.263 RSMo (1978). That section provides in pertinent part:

Upon application by the member or the board of police commissioners any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring while in the actual performance of duty at some definite time and place through no negligence on his part, ... shall be retired by the board of trustees provided that the medical board shall certify that such member is mentally or physically incapacitated for further performance of duty, that such incapacity is likely to be permanent and that such member should be retired.

This court, in *Chapman v. Sanders*, 528 S.W.2d 462 (Mo.App.1975), construed § 86.-263 to include five requirements necessary to establish accidental disability benefits. The five requirements are:

1.  a total and permanent incapacitation for duty caused by an accident;
2.  the disabling accident occurred in the actual performance of duty;
3.  the accident occurred at some definite time and place without contributory negligence;
4.  the accident occurred within the five years prior to the application for and
5.  the application was filed prior to the applicant's reaching retirement age according to § 86.250 if the accident occurred prior to retirement age.

■ In denying appellant's application, the Board of Trustees determined that the incident which occurred on May 25, 1979, was not the proximate or immediate cause of appellant's physical and psychological disability. Before reaching their conclusion, appellant was examined by the Retirement Medical Board. This Board consisted of three doctors: Dr. M. Ali Raffa, Dr. Robert E. Kuhlman and Dr. Alex Harell, Chairman of the Medical Board. The findings of the Medical Board were unanimous; that appellant "is not fit to perform the duties of a police officer." The Board fur-

ther stated that "[t]his conclusion is based only in a small part on physical findings which may be the result of the traumatic episode of May 25, 1979." This report was filed on March 11, 1982. However, on September 14, 1982, Dr. Harell filed a supplemental report. His report was as follows:

Checking over the records of Police Officer Clark E. Bray, I would like to state that after additional review of the record, it is my professional opinion that the conditions both physical as well as psychological complained of by P.O. Clark E. Bray are, based on the history obtained, the direct results of the traumatic episode stated to have been suffered by him on May 25, 1979.

Regardless of Dr. Harell's subsequent report, there was substantial evidence that appellant's physical injuries were not the proximate or immediate cause of his disability. In his personal examination of appellant on January 5, 1982, Dr. Harell diagnosed appellant's complaints of pain in the left upper extremity as undetermined. Further, Dr. Harell stated, "[t]here is complete neurovascular function in the upper extremities. Hand function is good. There is no evidence of neurocirculatory changes or losses." Additionally, Dr. Kuhlman's diagnosis relating to appellant's physical condition stated that "there is certainly no reason why this man should not be able to carry out his full regular work without any restrictions." There was substantial evidence that appellant's physical injuries were not the cause of his disability.

In regard to appellant's psychological condition, the Board of Trustees reviewed appellant's complete set of records, including the deposition from Dr. Ralph Biddy, appellant's psychiatrist. Unfortunately, we were not favored with a copy of this deposition on appeal. Taking the record in the light most favorable to the findings of the Board of Trustees, we must assume that Dr. Biddy's deposition supported the Board's decision. As a result, we can not say the decision of the Board of Trustees

was unsupported by competent and substantial evidence.

Judgment affirmed.

CARL R. GAERTNER and KAROHL, JJ., concur.