STATE ex rel. Kenard
CLARK, Appellant,

v.

BOARD OF TRUSTEES, KANSAS CITY EMPLOYEES' RETIREMENT SYSTEM, Respondent.

No. WD 38489.

Missouri Court of Appeals,
Western District.

March 3, 1987.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
April 28, 1987.

Randall W. Cain, Cain & Cain, Lee's Summit, for appellant.

Sam Mumma, Asst. City Atty., Kansas City, for respondent.

Before TURNAGE, P.J., and SHANGLER and GAITAN, JJ.

TURNAGE, Presiding Judge.

Kenard Clark filed an application with the Board of Trustees of the Employees' Retirement System of the City of Kansas City for duty disability retirement benefits.[1] The Board of Trustees denied the application. Clark filed a petition for writ of certiorari to review that decision, and the court affirmed the Board without a hearing. Clark contends he was entitled to an evidentiary hearing in the circuit court. Reversed and remanded.

In December of 1985 Clark filed a timely appeal from the decision of the Board of Trustees by way of writ of certiorari pursuant to § 536.150, RSMo 1978. All parties agree the proceedings before the Board of Trustees was an uncontested case and that review of such decision is pursuant to § 536.150.

A writ of certiorari was issued, and the Board filed the record of the proceedings before it. This record consists of a number of medical reports and other documents, together with the findings of the Board. There was no evidentiary hearing conducted by the Board; therefore, there is no transcript of a hearing.

On May 20, 1986, Clark's attorney received notice that the appeal was set for hearing during the week of June 23, 1986. On May 22, 1986 Clark's attorney received a copy of an order made by the circuit court in which the court stated that it had reviewed the record of proceedings filed by the Board and found that the decision was not arbitrary or capricious and was lawful. The court ordered the decision of the Board be affirmed and the writ of certiorari denied. Clark filed a motion to set aside the order, pointing out that the court had held no hearing prior to issuing its order. The court denied Clark's motion to set aside the order and stated that a hearing pursuant to § 536.150.1 is within the court's discretion.

The Board contends there is sufficient admissible evidence in the Board's records to sustain its decision on the ground it is supported by competent evidence and is not arbitrary or unlawful. The Board's argument misses the point, since the question before this court is not the lawfulness of the Board's decision, but whether Clark received the sort of review by the circuit court that he was entitled to.

Perhaps the most definitive discussion of an appeal pursuant to § 536.150 from a non-contested case is found in *Phipps v. School District*, 645 S.W.2d 91, 95[1] (Mo. App.1982). In *Phipps* this court stated that in a non-contested case the circuit court has no record to review, but rather hears evidence on the merits, finds the facts and makes a record. This court stated the hearing by the circuit court in such a

---

1. Clark is apparently receiving non-duty disability retirement. A finding of duty disability would substantially increase his monthly benefits.

case is a hearing de novo to determine on the facts found by the court whether the administrative decision is unreasonable, arbitrary or capricious or involves an abuse of discretion. *Id.* at 95. This court observed that in such a proceeding the circuit court does not review the agency's findings on evidence, but makes such findings itself and then passes on the validity of the administrative decision in light of the court's findings. This court pointed out that the circuit court owes no deference to the facts found or to the assessment of credibility made by the agency, but is bound only to refrain from substituting its discretion for that vested in the agency. *Id.* at 96. This court further held that in a non-contested case the appellate court reviews the judgment of the circuit court, rather than the decision of the agency. *Id.* at 96. This is in contrast to the review of a contested case, in which this court reviews the decision of the agency, rather than the decision of the circuit court. *Id.* at 96. The review by this court of the circuit court decision in an uncontested case is governed by Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30 (Mo.banc 1976). *Phipps,* 645 S.W.2d at 96–97.

This court followed *Phipps* in *Long v. Bates County Memorial Hospital Board of Directors,* 667 S.W.2d 419, 421[1] (Mo. App.1983).

In *Belton v. Board of Police Commissioners,* 708 S.W.2d 131, 138 n. 5 (Mo. banc 1986), the Court cited *Phipps* with approval:

> Section 536.150 authorized a full post-deprivation evidentiary hearing before the circuit court to establish the underlying facts relative to appellant's suspension. *See Phipps v. School District of Kansas City,* 645 S.W.2d 91, 95 (Mo.App. 1982) (in review under § 536.150, court "does not *review* evidence but *determines* evidence, and on the facts as found adjudges the validity of the agency decision.") Once those facts were established, the circuit court would be empowered to determine whether the disciplinary decision was "unconstitutional, unlawful, unreasonable, arbitrary, or capricious or [involving] an abuse of discretion." § 536.150.

It is clear from *Phipps* that in a non-contested case the parties have the right to present evidence in the circuit court. It is further clear that the circuit court must find the facts from evidence adduced in the circuit court proceedings. The court must then reach a decision on facts found by it, without regard to any fact findings made by the agency.

Contrary to the directive of *Phipps,* the court in this case undertook a review of the Board's decision prior to the time the case was set for hearing. Aside from any problem of the court deciding the case without a hearing, the court undertook to dispose of this case on a review of the record before the Board. In this non-contested case, disposition of the case after such a review was unauthorized. The court was obligated to receive any evidence the parties desired to present on the issue of whether Clark suffered from a duty-related disability. By deciding this case without giving Clark a hearing, the court failed to provide the sort of review required in a non-contested administrative review case.

The judgment is reversed and this case is remanded for further proceedings.

All concur.