John K. TRAVERS, Plaintiff–Appellant,

v.

BOARD OF TRUSTEES OF EMPLOY-
EES' RETIREMENT SYSTEM OF the
CITY OF ST. LOUIS, etc., Defendant–
Respondent.

No. 54273.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1988.

Robert E. Staed, St. Louis, for plaintiff-appellant.

Elkin L. Kistner, Asst. City Counselor, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals from an order of the circuit court affirming the decision of the Board of Trustees, Employees' Retirement System of the City of St. Louis denying him additional creditable service under the city's retirement plan. We affirm.

Plaintiff was employed with the City of St. Louis as Collector of Revenue for 27 years beginning in 1950 and continuing until 1977, at which time he applied for, and received, early retirement. Plaintiff receives a pension from the Employees' Retirement System of the City of St. Louis.

Almost immediately following his retirement, plaintiff accepted a position with Centerre Bank (formerly First National Bank). His titles at Centerre Bank included Vice-president of the Public Funds Division, Division Manager of Centerre's Public Finance area, and his current position, Director of Government Affairs.

In May 1977, shortly after his employment with the bank began, Missouri Governor Joseph Teasdale appointed plaintiff chairman of the Board of Election Commissioners of the City of St. Louis. Plaintiff, with the approval of the chairman of the board of Centerre Bank, accepted the position. Plaintiff served as chairman of the Election Board from 1977 to 1981. He was paid by the City of St. Louis and received the statutory salary of $7,500 per year.

During his four year term as chairman of the Election Board, plaintiff continued his employment with Centerre Bank. Plaintiff testified he worked 50 to 60 hours a week, dividing his time equally between the bank and the Election Board. Plaintiff continued to receive his pension from the City of St. Louis during his tenure as Chairman of the Election Board.

On March 19, 1985, plaintiff requested the Employees' Retirement System to credit him with additional creditable service, on his existing pension, for his four year term on the Election Board. When his request was denied, plaintiff sought reconsideration of the matter by the Board of Trustees of the Retirement System. The Board denied his request for additional creditable service because he did not meet the definition of "employee" as set by the retirement law.

Plaintiff sought review of the Board's decision by filing a writ of certiorari in the circuit court. The parties submitted the matter on the record developed before the Board, with some additional stipulations and plaintiff's deposition. The court citing § 4.16.255 of the Revised Code of the City of St. Louis (1980) (hereinafter City Code) affirmed the Board's ruling.

The board based its refusal to credit plaintiff with additional service on its conclusion that plaintiff did not qualify as an employee under § 4.16.055 of the City Code. That section provides:

4.16.055 Employee.

"Employee" means any regular appointive or elective employee of an employer, whether performing city or county functions, except those classified employees of the City remunerated at per performance rates, or employees in training positions as determined by the Department of Personnel of the City, or members of other retirement systems established by ordinance and/or state statute, or part-time employees on less than a half-time basis are excluded. In case of doubt as to whether any person is an employee within the meaning of this chapter, the decision of the Board of Trustees shall be final.

The circuit court also rejected plaintiff's claim, but on different grounds than those used by the board. The court implicitly found that plaintiff fell within the statutory definition of employee, but determined that plaintiff was not entitled to additional benefits because of § 4.16.255 of the City Code. That section provides:

4.16.255 Reemployment.

A member who has retired under the early or normal service retirement provisions of this chapter and again becomes an employee of an employer shall have his pension suspended for a period of six months or until his termination of employment, whichever is later. The amount of his pension which is thus suspended shall not be affected by such additional employment.

The thrust of the court's decision is that although plaintiff, as chairman of the Election Board, was a city employee, § 4.16.255 would prevent him from receiving additional amounts as pension benefits. From the stipulations and the entire record, the parties jointly presented this issue to the court.

■ Our scope of review depends on whether or not the board's action may properly be characterized as a "contested case." In a contested case, the boards findings of facts can only be reversed if they are "unsupported by competent and substantial evidence ..." § 536.140, RSMo 1986. On the other hand, in a noncontested case, factual issues are reviewed by the court de novo, § 536.150, RSMo 1986, and additional evidence may be presented to the circuit court. *State ex rel. Clark v. Board of Trustees, Kansas City Employees' Retirement System*, 728 S.W. 2d 562 (Mo.App.1987).

■ A contested case is "a proceeding before an agency in which the legal rights, duties or privileges of specific parties are required by law to be determined after hearing." § 536.010(2). The hearing requirement is the key to the classification and it must be found in a "constitutional provision, statute, municipal charter or or-

dinance." *State ex rel. Leggett v. Jensen*, 318 S.W.2d 353, 356 (Mo. banc 1958).

■ The Board of Trustees of the Employees' Retirement System of the City of St. Louis has jurisdiction in cases involving claims for pension benefits, § 4.16.365 City Code, but there is no requirement that such cases be determined after hearing. Consequently, the Board's action in refusing to credit plaintiff with additional service is properly classified as a noncontested case and the Board's factual findings are subject to review de novo in the circuit court.

■ Appellate review of the circuit court's decision in a noncontested case is similar to that of the circuit court's review of an agency decision in a contested case. In other words, the appellate court reviews the circuit court's judgment to determine whether it "rests on substantial evidence and validly decides the questions of law." *Phipps v. School District of Kansas City*, 645 S.W.2d 91, 97 (Mo.App.1983) (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). When the record on appeal engenders a firm belief that the circuit court's judgment is wrong, the court of appeals may independently weigh the evidence. *Id.* at 97, *Murphy*, 536 S.W.2d at 32.[1]

With the above standards in mind, we conclude that the court did not err in concluding that plaintiff was an employee of the city while serving as chairman of the Election Board.

■ The question of whether plaintiff was an "employee" during his tenure as chairman of the Board of Election Commissioners has two distinct aspects. The first has to do with whether plaintiff may more properly be characterized a state or city employee during that period. This determination is a pure question of law. The second aspect has to do with whether plaintiff worked less than half time. This is a question of fact.

On appeal defendant argues only that plaintiff was a state rather than city em-

---

1. For the intellectually curious, we recommend a reading of *Phipps* on the entire issue of con- tested and noncontested cases, and the review thereof.

ployee. Essentially defendant argues that, although plaintiff's salary was paid by the city, he functioned as a state employee because he was appointed by the governor, and because the duties and qualifications for his office are derived from state statute. *See* §§ 115.027, 115.029.3, 115.033, RSMo, 1986. To support this argument, defendant relies primarily on *State ex rel. Aloe Instrument Co. v. Meier,* 69 S.W. 668 (Mo.App.1902). That case held the St. Louis election commissioner was an officer of the state, and as such was not subject to a provision of the city charter prohibiting city officers from contracting with the city.

■ The *Meier* case is, however, not dispositive of the issues presented in this case. The question of whether one is an *officer* of the city for purposes of a prohibition against contracting with the city is entirely distinct from the question of whether one is an *employee* for purposes of membership in the city retirement plan. As the Missouri Supreme Court recognized in *State ex rel Hadley v. Washburn,* 67 S.W. 592 (Mo.1902), an election commissioner is a state officer for some purposes but not for others. *See also State ex rel. Forestel v. Higgins,* 46 S.W. 423 (Mo.1898). We have little difficulty concluding that for purposes of deciding whether plaintiff was entitled to additional creditable service under the city's retirement plan, plaintiff was an employee of the government entity which paid his salary. The definition of employee in § 4.16.055 of the City Code contains no exclusion of those who, for some purposes, are considered state officers, and we must assume if the city had intended to exclude these persons, it would have done so expressly.

Moreover, in *White v. Poelker,* 521 S.W. 2d 31 (Mo.App.1975) both the Board and the court assumed that an employee of the St. Louis Election Commission was an "employee" for purposes of the retirement system.[2] Although the employee in *White* was not elected, her job was created by state statute, and the restrictions placed on

that job were specified by the same statute. *See* § 115.045, RSMo 1986.

Furthermore, plaintiff's evidence in his deposition as to the time spent as chairman of the Election Board and the statement of Centerre Chairman Clarence Barksdale, admitted by stipulation, factually support the finding that plaintiff worked over half time for purposes of § 4.16.055 of the City Code.

■ Convinced that the trial court correctly ruled in finding that plaintiff was a city employee, we now examine the other issue on appeal, i.e. whether the trial court correctly ruled that plaintiff was not entitled to additional benefits under § 4.16.255 of the City Code. Plaintiff cites no authority, nor are we aware of any, interpreting this section favorably to him. It appears to us that the court properly ruled that § 4.16.255 bars additional benefits in the case as it was presented. Section 4.16.255 specifically provides: "The amount of [an early retiree's] pension which is thus suspended *shall not* be affected by such additional employment." (Emphasis added.) Section 4.16.175 provides that such a "reemployee" "shall be considered a *new employee* for all purposes of the retirement system ..." (Emphasis added.) Thus plaintiff's reemployment could only be considered toward a new pension, rather than as additional credit on an existing pension.

The judgment of the trial court is affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

**2.** The court reversed the board's denial of benefits for reasons other than the status of the plaintiff as an employee. *White,* 521 S.W.2d at 33.