Wayne ISACC, Appellant,

v.

ATLAS PLASTIC
CORPORATION, Respondent.

Nos. 57824, 57848.

Missouri Court of Appeals,
Eastern District,
Division One.

June 29, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 15, 1990.

Benjamin F. Lewis, Cape Girardeau, for appellant.

Ralph K. Soebbing, St. Louis, for respondent.

CRIST, Judge.

Workers' compensation case. The Division of Workers' Compensation found that appellant (employee) sustained an accidental injury on September 5, 1985, while scooping plastic pellets into an auger, and this injury aggravated prior surgical repairs, resulting in a five percent partial disability. We reverse and remand on the question of disability only and otherwise affirm the judgment.

Employee asserts the five percent rating was inadequate. Employer-insurer appealed asserting employee was entitled to nothing by reason of no medical causation and ask that they be relieved from payment of a $15 medical bill. The second injury fund was a party in the original proceeding but is not a party on this appeal.

Only when the Commission's award is not supported by substantial evidence or is clearly contrary to the overwhelming

weight of the evidence do we disturb it. *Page v. L.A. Green*, 686 S.W.2d 528, 530[2] (Mo.App.1985). However, all doubts should be resolved in favor of the employee. *Id.* at [5, 6].

Employee was born in 1935. He has a high school education. He has been a laborer all of his life. He began working for employer in November, 1967. He was injured on April 21, 1981, when he attempted to lift a 600 pound crate. A few days later Dr. Hunt performed a hernia repair on the right side, followed by a similar surgery on the left side in April, 1982. Thereafter, recurrent hernia on the left side required additional surgery in 1983 and 1984.

Employee was off work for 19 and 5/7 weeks following the crate-lifting episode in April, 1981. He received temporary total disability benefits. Medical bills exceeding $4,000 were paid by employer. However, no formal claim for compensation was filed, and no determination of permanent partial disability was made.

In regard to the surgery that was performed in July, 1983, Dr. Hunt testified employee had a recurrent hernia on the left side. No claim for compensation was filed and no determination of permanent partial disability was made following the 1983 surgery. Employee may have suffered another left inguinal hernia in July, 1984. That same month, Dr. Hunt made another attempt to repair the recurrent hernia.

In October, 1984, Dr. Hunt removed employee's left testicle and sewed a prolene mesh graft to the side of the abdominal wall weakness. Employer returned to work in December, 1984.

On September 5, 1985, employee again hurt his left side while scooping pellets into an auger. He saw Dr. Kasten the following day. Dr. Kasten's medical records stated employee said he pulled something and hurt his left side. Dr. Kasten's records stated he did not feel a recurrence.

Employee returned to work but his condition worsened. Dr. Hunt examined employee on June 20, 1986. He determined employee should not return to work at any job requiring lifting. Employee was placed on unpaid medical leave until he was terminated March 19, 1986. His employment was terminated because he was unable to lift in excess of 20 pounds and there was not a job available which did not require heavy lifting. On March 31, 1986, employee received an insurance termination notice listing the reason for termination as "industrially unemployable."

■ Employer-insurer contends the record is devoid of any evidence that employee sustained a hernia or any other rateable injury in September, 1985. Suffice it to say the medical history, the testimony of the doctors, and the testimony of employee was sufficient to show the accident in September, 1985, aggravated a prior condition. *Wolfgeher v. Wagner Cartage Service, Inc.*, 646 S.W.2d 781, 783[3] (Mo. banc 1983); *Crow v. Missouri Implement Tractor Company*, 307 S.W.2d 401, 405 [1, 2] (Mo. banc 1957). However, the question presented is whether the evidence presented supported a finding of five percent partial disability or if there was sufficient evidence for finding permanent total disability.

■ The test for permanent total disability is whether, given the employee's situation and condition, he is competent to compete in the open labor market. *Laturno v. Carnahan*, 640 S.W.2d 470, 472 [3, 4] (Mo.App.1982). This test measures the worker's prospects for returning to employment. *Patchen v. National Super Markets, Inc.*, 738 S.W.2d 166, 167 [3] (Mo. App.1987). Total disability means the inability to return to any reasonable or normal employment. It does not require that the employee be completely inactive or inert. *Kowalski v. M–G Metals and Sales, Inc.*, 631 S.W.2d 919, 922[5] (Mo.App.1982). The central question is whether any employer in the usual course of business would reasonably be expected to employ the employee in his present physical condition. *Id.*

■ Testimony was received from only two doctors, both at the request of employee. Dr. Hunt, who had been treating the employee since 1981, testified his condition was permanent, and that the employee should not return to any work that

required lifting. Dr. Zoffuto also found the claimant to be totally and permanently disabled and that he was "industrially unemployable." This opinion was based on a defect in employee's lower abdominal wall that in effect prevented him from obtaining gainful employment. The Division of Vocational Rehabilitation was not willing to attempt to retrain employee.

For the reason the record is indicative of total disability, the parties should have an opportunity to present further evidence of the ability of employee to compete in the open labor market.

That part of the judgment finding employee had a five percent permanent injury to abdomen and his body as a whole is reversed and remanded for further proceedings consistent with this opinion. The judgment is affirmed in all other aspects.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.