**STATE ex rel. Laurice VALENTINE,**
**Appellant,**

v.

**BOARD OF POLICE COMMISSIONERS**
**OF KANSAS CITY, Respondent.**

No. WD 42595.

Missouri Court of Appeals,
Western District.

Aug. 20, 1991.

Laurice Valentine, pro se.

E. David Swartzbaugh, Dale H. Close, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and ULRICH, JJ.

ULRICH, Judge.

Laurice Valentine appeals *pro se* from the circuit court's judgment denying her application for disability retirement benefits. On appeal, Ms. Valentine contends that the circuit court erred in determining that she was not permanently and totally disabled as required by the provisions of § 86.450, RSMo Supp.1990. The judgment is affirmed.

On December 20, 1979, Laurice Valentine was involved in an automobile accident while on duty as a police officer with the Kansas City, Missouri, Police Department. Ms. Valentine alleges that, as a result of the automobile accident, she suffered injuries to her neck, back and left knee. On July 18, 1984, Ms. Valentine applied for disability retirement benefits pursuant to the provisions of § 86.450. Considerable medical evidence was submitted regarding Ms. Valentine's condition. On June 22, 1987, the Board of Police Commissioners notified Ms. Valentine of its decision to deny her request for disability retirement benefits.

On July 22, 1987, Ms. Valentine sought review of the Board's decision in the Circuit Court of Jackson County. The parties agreed to waive any evidentiary hearing which they may have been entitled to before the circuit court and submitted the matter on the certified evidentiary record. On September 12, 1989, the circuit court

entered its order and judgment denying Ms. Valentine's request for disability retirement benefits. Ms. Valentine appeals the circuit court's decision *pro se.*

In her brief, Ms. Valentine discusses many additional legal matters which have occurred concerning her employment with the Kansas City, Missouri, Police Department. In particular, Ms. Valentine discusses a discrimination charge filed with the Missouri Commission on Human Rights, a lawsuit alleging discrimination filed in the United States District Court for the Western District of Missouri, and a worker's compensation claim filed against the police department. However, with the exception of any evidentiary value these matters may offer in considering Ms. Valentine's application for disability retirement benefits, these collateral legal matters are not considered in the disposition of the present case.

■ The first issue raised by Ms. Valentine's appeal is whether the matter before this court should be reviewed as a contested or noncontested case under the Administrative Procedure Act, Chapter 536 RSMo 1986. This determination establishes the parameters of judicial review, both in the circuit and appellate courts. If the decision of the administrative agency was entered in a contested case, judicial review of that decision is upon the record made before the administrative agency, with deference to its fact finding function. *Benton–Hecht Moving & Storage, Inc. v. Call,* 782 S.W.2d 668, 669 (Mo.App.1989). The administrative agency's decision in a contested case "must be affirmed if it is supported by competent and substantial evidence on the whole record, is not arbitrary, capricious or unreasonable and does not constitute an abuse of agency discretion." *Id.* (citing *Hermel, Inc. v. State Tax Comm'n,* 564 S.W.2d 888, 894 (Mo. banc 1978)).

■ If, however, the decision by the administrative agency was in a noncontested case, the circuit court has no record to review. *Phipps v. School District,* 645 S.W.2d 91, 95 (Mo.App.1982). The circuit court must conduct a *de novo* review to determine the facts without deference to the administrative agency. The circuit court then decides whether the agency's decision conforms to the constitution and laws, is not otherwise unreasonable, arbitrary or capricious, and does not involve an abuse of discretion. *Call,* 782 S.W.2d at 669. The court of appeals reviews the decision of the circuit court in a noncontested case as in other court-tried cases, applying the standards established in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Id.*

■ The classification of a case as contested or noncontested is not left to the discretion of the agency but is to be determined as a matter of law. *Shawnee Bend Special Rd. Dist. "D" v. Camden County Comm'n,* 800 S.W.2d 452, 456 (Mo.App. 1990). The hearing requirement is the key to the classification of contested and noncontested cases, and the requirement must be found in a constitutional provision, statute, municipal charter or ordinance. *Id.* Missouri courts have previously determined that cases involving dismissal or discharge of a police officer constitute contested cases pursuant to the provisions of the Administrative Procedure Act. *See Scism v. Long,* 280 S.W.2d 481, 483 (Mo.App. 1955). However, an application for disability retirement benefits does not necessarily raise the same issues as do dismissal or discharge cases, which require an administrative hearing. *See Dodson v. McGauley,* 629 S.W.2d 414, 418 (Mo.App.1981).

Whether an application for disability retirement benefits requires an administrative hearing, qualifying the case as a contested case, must first be determined. The record and the parties' briefs are devoid of reference to constitutional provisions, statutes or municipal ordinances which prescribe an administrative hearing to determine whether disability retirement benefits should be awarded. This absence indicates that the case is properly classified as a noncontested case. Additionally, several

decisions have treated similar cases as non-contested. A similar issue was addressed in *Travers v. Board of Trustees of Employees' Retirement Sys.*, 756 S.W.2d 623 (Mo.App.1988). In *Travers*, plaintiff requested that the Employees' Retirement System credit him with additional creditable service towards his existing pension. *Id.* at 624. The Board of Trustees of the Retirement System denied the plaintiff's request. *Id.* On review, the court of appeals determined that, since the Board was not required to provide plaintiff with a hearing, the Board's action in refusing to credit plaintiff with additional service was properly classified as a noncontested case. *Id.* at 625.

■ In *State ex rel. Clark v. Board of Trustees, Kansas City Employees' Retirement Sys.*, 728 S.W.2d 562 (Mo.App.1987), the court reviewed as a noncontested case the denial of plaintiff's application for disability retirement benefits by the Board of Trustees of the Employees' Retirement System. *Id.* at 563. In *Clark*, the Board's denial of the application occurred without an administrative hearing. *Id.* Similarly, in the present appeal, no administrative hearing was granted by the Commission. As there are no provisions, statutes, nor ordinances which provide for an administrative hearing, and since other decisions treat analogous situations as noncontested cases, Ms. Valentine's appeal is, therefore, reviewed by this court as a noncontested case pursuant to the Administrative Procedure Act.

■ In noncontested cases, this court reviews the decision of the circuit court on appeal, rather than the decision of the Board. *Call*, 782 S.W.2d at 669. The circuit court's judgment will be sustained unless there is no substantial evidence to support it, unless the decision is against the weight of the evidence, or unless the circuit court erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d at 32.

In the present case, Ms. Valentine claims to be entitled to disability retirement benefits pursuant to § 86.450. The statute provides in pertinent part:

> Any member who has become totally and permanently incapacitated for duty as the natural and proximate result of an accident occurring within the actual performance of duty at some definite time or place or through an occupational disease arising out of and in the course of his employment shall be retired by the board of police commissioners upon certification by one or more physicians on the medical board that the member is mentally or physically incapacitated for further performance of duty as a policeman, that the incapacity is permanent or likely to become permanent, and that the member should be retired.

Section 86.450.1. This statutory language requires that the claimant establish that she suffers from a total and permanent incapacitation, as specified in § 86.263, RSMo 1986. *Bray v. Klein*, 697 S.W.2d 266, 268 (Mo.App.1985).

■ Similar language describing a total disability is found in Missouri's Workers' Compensation Law. *See*, § 287.020.7, RSMo 1986. The test for determining whether an employee suffers from a permanent total disability under the provisions of the Workers' Compensation Law is whether, given the employee's situation and condition, he is competent to compete in the open labor market. *Isacc v. Atlas Plastic Corp.*, 793 S.W.2d 165, 166 (Mo.App.1990). "Total disability means the inability to return to any reasonable or normal employment." *Id.* The definition of total disability under the Workers' Compensation Law is applicable to the meaning of total disability as found in § 86.450.

■ In the present case, substantial evidence supports the circuit court's determination that Ms. Valentine does not suffer from a total disability. Ms. Valentine's own evidence, that her Workers' Compensation claim resulted in a settlement indicating she suffers from a twenty-five percent permanent partial disability, refutes

her claim that she suffers from a *total* disability. Additionally, numerous medical reports substantiate the position that Ms. Valentine does not suffer from a total disability. Dr. E.H. Stratemeier, M.D., reported on December 29, 1980, that X-rays showed no evidence of fracture or dislocation of Ms. Valentine's left knee and that the bony structures of the knee were intact. Dr. Jacob Kraft, M.D., found in January, 1981, that Ms. Valentine was able to perform all of the duties of a police officer and advised Ms. Valentine to return to full duty. An arthrogram of Ms. Valentine's left knee was performed on June 24, 1981, and her knee was diagnosed as normal. Dr. Peter C. Boylan, M.D., determined in March 1981, and again in October 1983, that Ms. Valentine could perform the duties of a police officer. In November 1985, Dr. L.F. Glaser, M.D., concluded that Ms. Valentine was physically able to perform the duties of a police officer without restriction.

The circuit court's decision denying Ms. Valentine's application for disability retirement benefits is supported by substantial evidence, is not against the overwhelming weight of the evidence, and properly applies the law.

The circuit court's judgment is affirmed.

All concur.