**Lawrence PATTENGILL, Respondent,**

v.

**GENERAL MOTORS CORPORATION, Appellant.**

**No. 61756.**

Missouri Court of Appeals, Eastern District, Division One.

Dec. 22, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 4, 1993.

Brian J. Dean, St. Louis, for appellant.

Harry J. Nichols, St. Louis, for respondent.

CRIST, Judge.

General Motors (Employer) appeals from a final award of the Labor and Industrial Relations Commission (Commission) affirming an award of workers' compensation benefits to claimant. We affirm.

In his claim for compensation, Lawrence Pattengill (Claimant) sought payments for disability due to right and left (bilateral) inguinal hernias which he had allegedly sustained in an incident at work.

Evidence from the hearing indicates Claimant was employed as a pipefitter at a General Motors plant in St. Louis. On February 22, 1986, Claimant was working on the top step of a twelve-foot A-frame ladder attempting to guide a 300- to 500-pound burner, which was elevated by four men using ropes, into a proper position so that bolts could be secured to it. In order to reach the burner Claimant had to extend his arms above his head and stretch as far as he could reach. While in this position, Claimant felt a "ting" in his groin area. He completed the job and descended the ladder, then told his boss about the pain he had just experienced. His boss replied that he had probably pulled a muscle.

A few days later Claimant again was experiencing pain in his groin and decided to see his physician, Dr. Bonsanti. Dr. Bonsanti referred Claimant to Dr. Alexander, who on May 30, 1986, surgically repaired claimant's hernias. Due to his injury and subsequent surgery, claimant was unable to return to work for six weeks.

After the hearing, the administrative law judge (ALJ) found Claimant's hernias were the result of an unusual strain and had not existed prior to Claimant's accident at work. On this basis, the ALJ found Claimant to have "sustain[ed] five percent partial disability of the body as a whole referable to the left groin area and a seven and one-half percent partial disability of the body as a whole referable to the right groin area."

Employer appealed. Commission, in its Final Award Denying Compensation, reversed the ALJ's award, finding Claimant had not provided Employer with proper notice of injury. One Commissioner dissented. On appeal, we reversed and remanded the case back to Commission. *Pattengill v. General Motors Corp.*, 820 S.W.2d 112 (Mo.App.1991).

On remand, Commission reinstated the ALJ's award of compensation. It is from this final order of Commission that Employer appeals.

We examine the record in the light most favorable to the award. If the award is supported by substantial evidence, we will

not disturb it. *Raines v. City of St. Louis,* 711 S.W.2d 544, 545 (Mo.App.1986).

Employer asserts the trial court erred in awarding compensation by reason of the dictates of § 287.195, RSMo 1986. That section states:

In all claims for compensation for hernia resulting from injury arising out of and in the course of the employment, it must be definitely proved to the satisfaction of the division or the commission:

(1) That there was an accident or unusual strain resulting in hernia;

(2) That *the* hernia did not exist prior to the accident or unusual strain resulting in the injury for which compensation is claimed. (Emphasis ours.)

Specifically, Employer asserts (1) the February 22, 1986 incident was not an unusual strain; and (2) the record does not contain substantial evidence to support causation or that Claimant did not have pre-existing hernias.

We turn first to whether an unusual strain occurred. "[A]n unusual or abnormal strain may be classified as an accident even though not preceded by a slip and fall. The unexpected or abnormal strain *usually* results from the performance of work in an abnormal manner or in a manner not routine, but this is not necessarily so. Abnormal strain may also result from the lifting of heavy objects while in an awkward or unbalanced posture where the worker is subjected to stress of unforseen force or duration." *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781, 783 (Mo. banc 1983) (citations omitted); *accord Alexander v. Pin Oaks Nursing Home,* 625 S.W.2d 192, 193 (Mo.App.1981); *Merriman v. Ben Gutman Truck Service, Inc.,* 392 S.W.2d 292, 297 (Mo.1965). In determining whether an unusual strain occurred, we must focus "on the fact that the injury has occurred rather than what act or force immediately preceded the injury." *Viola v. Custom Coatings, Inc.,* 664 S.W.2d 266 (Mo.App.1984) *quoting Wolfgeher,* 646 S.W.2d at 267.

■ Here, Claimant was injured while standing on top of a 12–foot ladder and reaching up as far as he could to guide a 300– to 500–pound object suspended over his head by ropes held by four men. Clearly, this qualifies as an unusual strain.

■ Employer also contends Claimant failed to prove causation and failed to prove "the hernia did not exist prior to the accident." Employer's arguments both rest on its assertion that "the medical evidence unequivocally shows that [Claimant] had bilateral inguinal hernias prior to February 22, 1986."

The question is whether *the* hernia for which compensation is sought is pre-existing. Section 287.195 did not bar compensation for *the* hernia which came about by reason of the February 22, 1986 injury to Claimant. Commission aptly stated

[f]ocusing attention to the second part of Section 287.195, it is not a requirement that the claimant's groin be perfectly normal prior to injury. The fact that at the time of accident claimant's groin was in a state which rendered it easily susceptible to injury or aggravation did not foreclose claimant's right to benefits for disability resulting from accident which caused hernia. *Robinson v. Krey Packing Co.,* 467 S.W.2d 91 [, 94 (Mo.App. 1971) ].

Generally speaking, a hernia is a protrusion through an abnormal opening. Dorland's Illustrated Medical Dictionary 601 (26th Edition). There is little evidence to show Claimant had a pre-existing protrusion through an abnormal opening prior to February 22, 1986. And, whatever pre-existing weakness Claimant had in his groin came about during his 19–year employment by Employer. *See Isacc v. Atlas Plastic Corp.,* 793 S.W.2d 165, 166 (Mo. App.1990). Claimant had filed no prior claims against Employer for hernias.

Claimant saw Dr. Bonsanti in 1983 and 1984 for routine physical examinations. Dr. Bonsanti told him he had a little strain on one side of his groin, but further told him he was not to be alarmed and surgery was not necessary. Dr. Bonsanti filed a medical report in this case showing a double inguinial hernia in 1983 and 1984. However, Claimant continued to do heavy

work for Employer from 1983 to February 22, 1986, without pain and limitation of movement.

There was no bulging at the sites prior to February 22, 1986, but not so after the injury. Dr. Morrow examined Claimant on July 29, 1986, and found pre-existing disability, but stated Dr. Bonsanti had told him the inguinal hernias found in 1983 were very small.

Claimant testified he had no disabling hernias prior to February 22, 1986. He had lost no work because of hernias during his 19–year employment. The framers of § 287.195 did not intend for a Claimant to be denied compensation under these facts. *Accord American Rolling Mill Co. v. Leslie,* 194 S.W.2d 643, 644 (Ky.App.1946) (Framers of Kentucky statute denying compensation for pre-existing hernia did not intend to deny compensation when a claimant had a history of a hernia without evidence of pre-existing rupture or disturbance). Commission properly found *the* hernias were not pre-existing. They arose out of the February 22, 1986 injury.

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.