THE STATE ex rel. LOUIS W. MORRISON v. CAMILLE J. STANTON.

**In Banc, June 7, 1911.**

1. DRAINAGE DISTRICT: Disqualified County Judges: Transfer to Circuit Court. Where two judges of the county court, for statutory reasons, are disqualified to hear and determine the petition for the organization of a proposed drainage district, for that one of them owns land therein and another is a cousin of the owner of land therein, the court has power to transfer to the circuit court the proceedings for organizing the district; and said circuit court has power, after such transfer, to proceed with the organization, the assessment of benefits, and the admeasurement of damages to those whose lands are taken or damaged.

2. ————: ————: ————: Personal Knowledge of Judges. The action of the county court in organizing drainage districts must be based upon evidence and reports ·filed, and not upon the personal knowledge of the judges. Therefore the circuit court is as fully able to understand the evidence and apply the law as is the county court.

3. ————: ————: ————: Power of Circuit Court. The circuit court to which a proceeding to organize a drainage district has been, for statutory reasons, transferred from the county court, has jurisdiction and power to take all steps and do all things necessary to consummate the drainage that the county court would have had power to do had its judges not been disqualified to act in the premises.

4. ————: ————: ————: Notice by County Clerk: Makes Landowner Party: Remonstrance. Where the clerk of the county court, after the petition for the organization of the drainage district had been filed and the engineer and viewers had been appointed and reported, and before the case had been transferred to the circuit court, ·gave the notice required by statute, reciting the place of beginning, route and terminus of the proposed ditch, that notice informed the owner of land within the proposed district that the ditch would pass through his land, and he was made a defendant by said petition and no-

tice the same as if he had been specifically named therein; and the fact that the county court was disqualified to hear and determine the matter of organization, benefits, etc., did not invalidate the notice, or excuse the said landowner from appearing in said court and formally making himself a party to said proceeding by filing a remonstrance, and it was his fault if he did not become an active defendant before the case was transferred to the circuit court.

5. ———: ———: ———: Election of Special Judge. Therefore, the contention of said landowner that a member of the bar of the circuit court could not have been legally elected to sit as special judge to hear and determine the drainage proceeding, is without merit. The landowner who was notified of the proceeding in the way provided by law, and through his own neglect failed to enter his appearance and file his answer or remonstrance at the proper time, cannot be heard to complain that he was given no opportunity, before the regular judge ordered the election of a special judge, to agree with plaintiffs upon a competent lawyer to sit as special judge and try the cause.

6. ———: Special Judge: Right of Parties to Agree. Where the regular judge of the circuit court is disqualified to sit in the proceeding to organize a special drainage district, being an owner of land therein, he can direct the clerk to hold an election for a special judge. The statute providing that, before such an election is held, parties to an action are to be allowed an opportunity to agree upon a special judge, can apply only when plaintiff and defendant have entered their appearance.

Prohibition.

Writ denied.

R. E. Sprigg for relator.

(1) The proceedings for the organization of drainage ditches in the county court under article 4, chapter 122, Revised Statutes 1899, is an independent, special statutory proceeding intrusted by the Legislature alone to the county court, as a body of men peculiarly interested in and acquainted with the needs of the locality, and the county court has exclusive authority to incorporate such districts. The statute is complete in itself and the mode of procedure exclusive. (2) Sec. 1779, R. S. 1899, now Sec. 4082, R. S. 1909, has no application to this cause, because the

Legislature has seen fit to give the county courts exclusive authority to organize such districts. (3) This is manifest from a careful consideration of the whole of article 4 of chapter 122, where it will be seen that it provides (in sec. 8292) that any person may file his exception to the decision of the county court upon the question of damages for lands taken, and prosecute an appeal to the circuit court, where a trial may be had by jury. If section 1779 be applicable in this case, and the case is certified to the circuit court, "which court shall proceed thereon to a final judgment and determination in like manner as the county court should have done," as required in said section, then the circuit court has only the authority granted the county court, and it would be impossible for any of the parties to have the right of appeal given them, to the circuit court, under the provisions of said article 4, and they are hereby deprived not only of a right specifically granted them under the statute, but also of their constitutional right under the State and Federal Constitution, and their property taken without due process of law. (4) There is no authority in law for the election of a special judge in this cause, even if it be conceded that the circuit court has jurisdiction after being certified to it by the county court, because the statute governing such cases specifically provides for the election of a special judge "when the parties to such cause fail to agree." In this case there was and of necessity could not have been any "parties" before the court, because prior to the organization, only the petitioners were before the court, and hence there was no opposing party as contemplated by the statute to agree with. Sec. 3961, R. S. 1899.

*I. B. Whitledge, Killian & Bond* and *James T. Greenwell* for respondent.

(1) The petitioner herein insists that the respondent has no jurisdiction in this cause, because the land

for the organization of such districts is an independent statutory proceeding and the mode of procedure is exclusive in the county court. After a careful examination the respondent admits his inability to find any direct authority on this point, but practically the same argument and question was presented in this court in State ex. rel. v. Riley, 203 Mo. 175, in opposition to a change of venue from one circuit judge to another judicial district, and the contention disapproved by this court. It is sufficient answer to such contention and argument to call attention to the mode of procedure provided by the statute. The statute requires that a petition shall be presented to the county court and the court is required to proceed in the hearing of the matter the same as in all other cases before it; that is to say, to hear the evidence on the subject. The court does not and can not take into consideration their own personal knowledge, but must decide it alone upon the proof. Hence the peculiar fitness or knowledge of locality, etc., can cut no figure, and it can not be said that a circuit judge is not as well qualified to pass upon the matter as the county court—an inferior court. (2) The cause was properly certified to the circuit court. Sec. 4082, R. S. 1909. (a) The order of the county court shows that one of the judges was an owner of land and the other was a first cousin of the owner of land within the proposed district. Hence both were disqualified from sitting on the case, and finds the said judges disqualified for interest. (b) The court having judicially declared themselves to be disqualified by reason of interest, their action in so doing is not issuable, and therefore conclusive. State v. Hosmer, 85 Mo. 556. (c) A recital in the record of a court imports absolute verity, and all parties thereto are estopped from denying its truth. Ex parte Rice, 102 Ala. 671. (3) The election of the special judge was

235 Sup.—15

in accordance with the law.   Sec. 3961, R. S. 1909.
(a) The circuit judge by order of the court disqualified
himself on account of interest, by reason of ownership
of land in said proposed district.   (b)   And the same
order shows inferentially a failure to procure another
judge, by making no mention of the matter, and order-
ing the election. (c) The failure of the regular judge
to procure another judge in no way affects the right
of election of a special judge. State v. Pushon, 133 Mo.
44. (4) The power of the Legislature to provide for the
election of temporary judges in civil cases is not open
to question. Barnes v. McMullen, 78 Mo. 268; State
v. Daniels, 66 Mo. 192; Ex parte Allen, 67 Mo. 533;
Lacy v. Barrett, 75 Mo. 469. (5) The statute as it now
stands and has stood since 1877 authorizes an elec-
tion when the judge cannot preside for any reason.
Barnes v. McMullen, 78 Mo. 266. (6) Petition gives
jurisdiction.  If that is sufficient, the other proceed-
ings, if not in accordance with the statute, become ir-
regularities of more or less importance according to
the extent of the injury resulting therefrom, which
irregularities may be waived by the party affected there-
by, in which case he cannot thereafter be heard to com-
plain of the same. Hall v. Slaybaugh, 69 Mich. 484;
Sec. 8281, R. S. 1899; Laws 1905, p. 190. (7) If the con-
tention of the relator be granted, in that the election
of the special judge was irregular because of the want
of two parties to the action, and consequently a failure
to agree, the relator is estopped and has waived his
right to object to the election of said special judge. (a)
The only way provided by law to bring parties into
court under article 4, chapter 122, R. S. 1899, is by the
publication to all parties interested, etc., as required
by section 8281 of said act.   (b) This notice was duly
given, and the relator as well as all other parties in-
terested were in court for all purposes of the law, and
it was his duty then and there to file his written re-
monstrance against the organization of the district,

or make his objection to the jurisdiction of the special judge. The record shows that he failed to do either. Hence he waived the right to object, and is estopped from disputing jurisdiction at this period of the proceeding. Campbell v. McFadden, 31 S. W. 436; Schlunger v. State, 113 Ind. 295; In re Hathway, 71 N. Y. 238; Rose v. Allison, 41 Ind. 276; Moore's Executors v. Moore, 5 Ky. L. R. 777; Lillie v. Trentman, 130 Ind. 16; Moore v. McIntyre, 110 Mich. 237; Erickson v. Cass Co., 92 N. W. 841; Scudder v. Jones, 32 N. E. 221.

BROWN, J.—This is an original action in this court to prohibit respondent as special judge of the circuit court of Perry county from exercising jurisdiction of and making further orders in a proceeding instituted by H. K. Spencer and others to organize Drainage District No. 1 of Perry county, Missouri.

The petition to organize the above named drainage district was originally filed in the county court of Perry county, where all the overflowed lands intended to be included in the drainage district are situated. Said county court, upon the filing of the petition, appointed a civil engineer and three other persons as viewers to examine the line and route of the proposed ditches, and make a report to the court, as required by section 5580, Revised Statutes 1909. The clerk of said county court also gave notice of the pendency of said petition and the time when same would be heard, as required by section 5581, Revised Statutes 1909.

Upon proof of publication of the aforesaid notice, and the coming in of the report of the viewers and engineer, the county court approved said report, and made an order organizing the district.

After the proceeding had been thus far advanced in the county court, that court discovered that one of its judges was an owner of land situated within the proposed drainage district, and that another judge of said court was a first cousin of a landowner of

said drainage district. Whereupon, said county court adjuged itself disqualified to act in the premises, and entered of record an order setting aside its former order organizing the district and transferred the venue of the proceedings to the circuit court of Perry county under the provisions of section 4082, Revised Statutes 1909.

When the petition and bond of the parties seeking to organize the drainage district were filed in the circuit court, it was found that Hon. Charles A. Killian, judge of said court, was also an owner of land within said proposed drainage district; whereupon said judge made an order adjudging himself disqualified to hear the petition, and directed the clerk of said circuit court to hold an election to choose a special judge to hear and determine same and all other matters connected with the drainage of land within the proposed district. This election resulted in the choice of respondent as special judge; who, after taking the oath of office required by law, proceeded to approve the bond tendered by Spencer et. al., petitioners, assumed jurisdiction of the cause, and appointed three viewers and a civil engineer to view and lay out the plans for the proposed drainage district.

Said special judge also ordered and caused to be given notice of the pendency of said petition, as required by section 5581, Revised Statutes 1909.

On the date designated by said notice, said special judge received the report of the viewers and engineer theretofore appointed, and entered a decree organizing the drainage district.

Thereafter, the aforesaid viewers and engineer filed with the special judge their final report, assessing the benefits which the lands in the district would receive by the proposed drainage, together with the estimated damages to said lands from the condemnation of rights of way for ditches through same.

Said special judge (respondent herein) caused

notice to be given of such final report, as required by section 5587, Revised Statutes 1909, and after said notice was duly published, the relator filed in said circuit court of Perry county a motion challenging the jurisdiction of respondent to further proceed with said matter of draining the lands within said drainage district, on the followng grounds:

1. That the county court of Perry county possessed no power to transfer to the circuit court the proceeding to organize the proposed drainage district;

2. That respondent was not legally elected special judge to hear and determine the petition of Spencer and others to organize the aforesaid drainage district.

Said motion was overruled; whereupon relator instituted this action against respondent.

## OPINION.

I. The contention of relator that although the county court of Perry county is disqualified to hear and determine the petition for the proposed drainage district, yet said court had no power under section 4082, Revised Statutes 1909, to certify said proceedings to the circuit court, for the alleged reason that county courts are given exclusive jurisdiction of proceedings to drain lands, under article 4, chapter 41, Revised Statutes 1909, is not supported by the law. County courts have exclusive jurisdiction of a great number of proceedings; but that can furnish no reason why such courts may not be ousted of such jurisdiction when for a statutory reason they are disqualified to hear same.

The policy of our law is that no person shall be forced to try a cause before a judge or court who is personally interested in the property or matter in controversy, or related to one so interested; and when no change of venue is provided for, the statute authoriz-

ing the transfer of the cause to a disinterested tribunal should be liberally construed. [Meddis v. Kenney, 176 Mo. 200, l. c. 208.]

Relator contends that county courts are possessed of peculiar knowledge of the needs for the drainage of overflowed lands within their respective counties, and therefore, it could not have been the intention of the Legislature to permit the supervision of such matters by circuit courts, which (he alleges) would not be so well qualified to determine issues that may arise in respect to the drainage of such overflowed lands.

Relator's contention must be overruled for two reasons: (1) The Legislature has authorized circuit courts to incorporate drainage districts and to hear and determine all controversies that may arise in carrying into effect such drainage enterprises; thus, giving parties desiring to drain overflowed lands the choice of securing such drainage through either the county courts or circuit courts. (2) The action of county courts in organizing drainage districts must be based upon evidence and reports filed with such county courts and not upon the personal knowledge of the judges of such courts; consequently, no reason can be seen why a circuit court could not understand the evidence and apply the law to a drainage proposition with the same facility as a county court.

Relator will not be deprived of any constitutonal right to ascertain by a jury the damages to his lands by the condemnation through same of a right of way for the proposed drainage ditch, or any other right which he could have asserted had the proceeding remained in the county court. The circuit court having acquired jurisdiction of the proceeding to drain relator's lands and other lands in that locality, will take all the steps and do all matters and things to consummate such drainage which the county court would have possessed power to do had it not found itself disqualified to act in the premises.

II.   The second contention of relator, that respondent was not and could not have been legally elected to sit as special judge to hear and determine the drainage proceedings, possesses no merit whatever.  Before the cause was certified to the circuit court, the clerk of the county court had already given notice of the pendency of the petition, as required by section 5581, Revised Statutes 1909, reciting the place of beginning, route and terminus of the proposed drainage ditch, which notice necessarily informed relator that said ditch would pass through his land; and the fact that the county court was disqualified to hear the proceeding did not invalidate the notice, nor excuse the relator from appearing in said county court and formally making himself a party to said proceeding by filing his remonstrance, as provided by section 5583, Revised Statutes 1909.   The notice above mentioned would have been valid even if the clerk of the county court had also been an interested party.   [Huff v. Shepard, 58 Mo. 242, l. c. 245.]   Relator as an owner of lands through which said ditch will be constructed, was made a defendant by said petition and notice the same as if he had been specifically named therein; and it was his own fault and neglect that he did not become an active defendant before the cause was certified to the circuit court.  [Huling v. Kaw Valley Railway & Improvement Company, 130 U. S. 559; Ballard v. Hunter, 204 U. S. 241.]

The further argument of relator that the election of respondent as special judge was illegal and void because the parties to the action were not given an opportunity to agree upon a special judge, must be disregarded, because the provision of section 3961, Revised Statutes 1909, in respect to allowing the parties to the action to agree on a special judge to try the cause, can only apply when both plaintiff and defendant have entered their appearance.   It only requires a mild application of the "rule of reason"

to understand that the circuit court should only be required to grant the parties to the action an opportunity to agree upon a special judge when all the parties have entered their appearance.

In a case like the one at bar, when the defendant was duly notified of the proceeding and through his own neglect failed to enter his appearance and file his answer or remonstrance at the time he ought to have filed same, he cannot be heard to complain that he was not given an opportunity to agree with the plaintiffs upon a competent lawyer to sit as a special judge and try the cause, before the regular judge ordered the election of a special judge.

It follows that relator herein is possessed of full jurisdiction to hear and determine all matters connected with the proposed drainage district, and that the preliminary writ of prohibition heretofore issued herein should be quashed and that the absolute writ of prohibition applied for should be denied.

It is so ordered. *Valliant, C. J.,* and *Kennish, Ferriss, Woodson, Lamm* and *Graves, JJ.,* concur.