In the Matter of the WESTON BENEFIT ASSESSMENT SPECIAL ROAD DISTRICT OF PLATTE COUNTY, Missouri.

Burl C. WHEELER et al., Respondents,

v.

WESTON SPECIAL BENEFIT ASSESSMENT ROAD DISTRICT OF PLATTE COUNTY, Missouri, Appellant.

No. 22432.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1956.

Robert P. C. Wilson, III, Platte City, John J. Robison, Robison & Miller, Maysville, for appellant.

John W. Coots, Jr., Platte City, for respondents.

BOUR, Commissioner.

This is an appeal from a judgment of the circuit court of Platte county; affirming an order of the county court of Platte county disincorporating the Weston Special Benefit Assessment Road District of Platte county.

The appellant road district was organized under the provisions of what are now Sections 233.170, 233.175. Statutory references are to RSMo 1949, and V.A.M.S. On May 4, 1953, a petition praying for the disincorporation of this road district was filed in the county court of Platte county. As appears from the petition, the total number of acres within the district was 60,-641, and the signers of the petition owned 36,567.72⅓ acres, or more than a majority of acres within the district. The disincorporation was sought under the provisions of Section 233.295, which reads as follows:

"Whenever a petition, signed by the owners of a majority of the acres of land, within a road district organized under the provisions of sections 233.170 to 233.315 shall be filed with the county court of any county in which said district is situated, setting forth the name of the district and the number of acres owned by each signer of such petition and the whole number of acres in said district, the said county court shall have power, if in its opinion the public good will be thereby advanced to disincorporate such road district. No such road district shall be disincorporated until notice be published in some newspaper published in the county where the same is situated for four weeks successively prior to the hearing of said petition."

The county court set the matter for hearing on June 1, 1953, at 10:00 a. m., and ordered the county clerk to publish notice as required by statute, which was done. When the matter was called for hearing on June 1, 1953, the road district presented to the court a motion requesting "that Hon. O. W. Thompson, Judge of the County Court, Western District, Platte County, Missouri, disqualify himself, or be ordered disqualified by other members of the court, from sitting on the trial and determination of the petition for dissolution filed herein, for the reason that Hon. O. W. Thompson is interested in the outcome of this proceeding and for the reason that he is one of the signers of said petition * * *, and for the

reason that he, prior to the filing of said petition * * *, personally circulated said petition, and solicited signatures thereto." The record of the county court recites: "The County Court orders motion be filed. After due deliberation and discussion the County Court orders said motion be denied."

Thereafter, and on the same day, June 1, 1953, a petition was presented to the county court by the owners of 13,563.50 acres of land within said road district, asking the court "to deny the petition for dissolution * * * heretofore filed * * *." The persons signing this petition had signed the original petition filed on May 4, 1953. The record of the county court recites: "It is hereby ordered that the petition to deny the petition for dissolution be filed at this time, but it is the unanimous decision of the court that it be denied. At this time witnesses were called and the testimony having been heard the County Court after discussion orders the matter continued until Thursday, June 4, 1953, at 10:00 a. m."

On June 4, 1953, the county court, by unanimous vote of all of the members, made and entered an order disincorporating the road district. Thereafter, and on the same day, the road district appealed from this order to the circuit court of Platte county. The transcript on appeal was filed in the circuit court. This transcript includes the petitions and motion heretofore mentioned, the orders made and entered of record by the county court, and the notice of appeal. It contains no testimony or other evidence.

On September 8, 1953, a motion was filed in the circuit court by certain persons who had signed the original petition for disincorporation, praying that their names "be stricken from said petition", and that they "be permitted to withdraw from said cause". These individuals owned 14,874.07 acres of land within the road district. On December 30, 1953, appellant road district filed a motion to dismiss on the following grounds:

"(1) That upon said pleadings filed in said cause the Petition of Respondents for Dissolution does not state a cause of action. (2) That under the pleadings filed in said cause the Court does not have jurisdiction to hear said cause. (3) That under the pleadings filed in said cause it appears that at the time the above court had appellate review of said cause the petitioners did not have a majority of acres of land within said district. (4) That under the pleadings filed in said cause, it now appears that the petition for dissolution does not have a majority of the acres of land in said district by owners thereof on said petition."

On March 8, 1954, the court denied both of the above-mentioned motions; and the cause was passed for a future hearing. Thereafter the road district filed in this court a petition for a writ of prohibition to restrain the Honorable Fred H. Maughmer, judge of the circuit court of Platte county, from taking any further action in the cause. This court denied the writ of prohibition in an opinion handed down on January 10, 1955. See State ex rel. Weston Special Benefit Assessment Road Dist. of Platte County v. Maughmer, Mo.App., 275 S.W. 2d 385.

On September 19, 1955, appellant road district filed in the circuit court a "Motion to Reverse Order of Dissolution". Thereafter, and on the same day, a hearing was had on this motion. Judge O. W. Thompson, a member of the county court of Platte county, was called as a witness for appellant. He testified that he was a member of the county court when the petition for disincorporation of the road district was filed, and when the court entered the order disincorporating the district; and that he signed the petition for disincorporation of the district. He further testified:

"Q. Did you own land in that district, Judge Thompson? A. Well, guess I did; my mother and I together. * * *

"Q. Prior to the time of this hearing (in the county court), Judge Thompson,

you carried this petition and solicited landowners in the district to sign the petition for dissolution? A. Amongst some of my neighbors. * * *

"Q. Did you contact the Hull family with some thirty-five hundred acres in the district, for signatures? A. Some of them." The record shows that five other witnesses testified for appellant at the hearing in the circuit court on September 19, 1955, but the conclusion which we have reached in this action makes it unnecessary to set out their testimony. At the beginning of the hearing counsel for respondents objected to the introduction of any evidence on the ground that the circuit court, in reviewing the order of the county court, was limited to a consideration of "the Transcript of the Record certified by the County Court". As indicated, the objection was overruled. After the six witnesses testified, the case was submitted and taken under advisement.

The court prepared and filed a memorandum opinion. We do not deem it necessary to set out that opinion in full. The court ruled that in reviewing the order of the county court it could not consider the testimony which it admitted at the hearing on September 19, 1955, because it "had no authority to try the matter de novo". Since the transcript of the record of the county court contains no evidence, the court concluded that the order of the county should be affirmed, and judgment was entered accordingly. (The court relied upon our decision in the case of In re Village of Pleasant Valley, Mo.App., 272 S.W.2d 8, where the transcript of the record of the county court contained no evidence. That case is distinguishable on the facts.) The road district's motion for a new trial was overruled and it appealed to this court.

In support of its contention that the circuit court erred in affirming the order of the county court, appellant contends, inter alia, that "under the undisputed evidence in the case, the hearing having been had before the County Court with one member thereof, a petitioner for dissolution and he

refusing to disqualify and sitting in judgment upon said hearing and participating in the order of dissolution, such hearing was unfair as a matter of law and at least said cause should be submitted for a rehearing."

Under the Constitution of 1945, county courts are no longer judicial courts, but are administrative bodies. Kansas City **v.** Rooney, 363 Mo. 902, 254 S.W.2d 626, 627. The scope of judicial review of the order of the county court disincorporating the road district is that provided by Article V, Section 22, Mo.Const.1945, as implemented by Section 536.140 of the Administrative Procedure Act, amended Laws of 1953, page 680, V.A.M.S. See State ex rel. Horn v. Randall, Mo.App., 275 S.W.2d 758, 760, and State ex rel. St. Louis Public Service Co. v. Public Service Commission, Mo.Sup., 291 S.W.2d 95, 101. Section 536.140 of said act reads in part as follows: "2. The inquiry may extend to a determination of whether the action of the agency * * * (5) Is made upon unlawful procedure or without a fair trial". Subsection 4 of Section 536.140 contains this provision: "The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record."

■ As stated, at the beginning of the hearing in the county court on June 1, 1953, appellant filed a motion requesting that Judge O. W. Thompson, a member of the county court, "disqualify himself, or be ordered disqualified by other members of the court", etc. This motion was denied by the court "after due deliberation and discussion". The question of Judge Thompson's disqualification was raised in the circuit court by appellant's "Motion to Reverse Order of Dissolution". To repeat, Judge Thompson testified at the hearing in the circuit court that he and his mother owned land within said road district; that he signed the petition for disincorporation; and that he asked some of the landowners in the district to sign the petition. We are of

the opinion that under the provisions of Section 536.140 quoted above, it was proper to introduce this testimony for the purpose of showing that appellant was not afforded a fair hearing before the county court, and that the circuit court erred in ruling that it could not consider such testimony in reviewing the order of the county court.

■ Section 49.220 provides in effect that no judge of a county court shall sit in any cause or proceeding in which he has a personal interest, or when he is related to either party. See State ex rel. Morrison v. Stanton, 235 Mo. 222, 229, 138 S.W. 337; Price v. Springfield Real-Estate Ass'n, 101 Mo. 107, 117, 14 S.W. 57. Judge Thompson was disqualified by reason of his personal interest in the proceeding. Moreover, he was disqualified because he asked some of the landowners in the road district to sign the petition for disincorporation. Such conduct was at variance with the impartial performance of his duties as a judge of the county court.

As stated, all of the judges of the county court voted in favor of disincorporating the road district. Section 49.070, as amended Laws of 1953, page 389, reads in part as follows: "A majority of the judges of the county court shall constitute a quorum to do business; * * *.; when but two judges are sitting and they shall disagree in any matter submitted to them, the decision of the presiding judge shall stand as the decision of the court; provided further when the presiding judge is absent and the other two judges are present the county clerk shall designate one of such judges present as presiding judge during the absence of the regular presiding judge, and such judge shall, during the absence of the regular presiding judge have all of the powers of the regular presiding judge."

■ While the authorities are not in full accord, it is generally held that "if a disqualified member of an administrative body participates in the hearing and de-

termination, it makes the decision void or at least voidable at the instance of a party aggrieved who has made timely protest, even though his presence was not required to constitute a quorum or a majority of the board could have acted legally without him." 73 C.J.S., Public Administrative Bodies and Procedure, § 62, p. 390. See also, 42 Am.Jur., Public Administrative Law, Sec. 23, p. 313. We think this rule is sound because the participation of the disqualified member in the proceeding may have influenced the opinion of the other members. Such a possibility should be avoided. In the instant case Judge Thompson was disqualified on account of interest and bias. We hold therefore that the order disincorporating the road district is invalid. To hold otherwise would be to deny the fundamental right to a fair hearing.

In view of the conclusion which we have reached, it is unnecessary to rule on other points in appellant's brief. We do, however, consider it appropriate to point out that Section 536.060(2) of the Administrative Procedure Act provides as follows: "Unless otherwise agreed by all parties each agency shall cause all proceedings in hearings before it in contested cases to be taken down stenographically by a competent stenographer. Any party may have a copy of all or any part thereof upon paying the proper charges therefor."

The judgment should be reversed and the cause remanded to the circuit court with directions to enter a judgment reversing the order of the county court and to remand the cause to the county court for a rehearing. The commissioner so recommends.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of BOUR, C., is adopted as the opinion of the court. The judgment of the circuit court is reversed and the cause remanded with directions as recommended by the commissioner.

All concur.