**ST. LOUIS COUNTY et al., Appellants,**

v.

**STATE TAX COMMISSION of Missouri et al., Respondents.**

No. 62354.

Supreme Court of Missouri,
En Banc.

Dec. 15, 1980.

---

Thomas W. Wehrle, St. Louis County Counselor, Clayton, for appellants.

John Ashcroft, Atty. Gen., Michael Finkelstein, Asst. Atty. Gen., Philip Baker, Counsel, State Tax Commission, Jefferson City, for respondents.

HIGGINS, Judge.

The trial court entered judgment dismissing St. Louis County's petition for review of an order of the State Tax Commission which required the implementation of the County's plan for equalization of real property assessments within St. Louis County. The judgment was appealed to the court of appeals and the appeal was transferred prior to opinion by order of this Court. Mo.Const., art. V, § 10. The case arises from the same facts articulated in *State ex rel. State Tax Commission v. Schneider* (Mo.banc 1980), decided concurrently. The question in this case is whether the order of the State Tax Commission is reviewable as a "contested case" pursuant to § 536.100, RSMo 1978. The order is not judicially reviewable in an action by the County; dismissal of the petition for review was proper.

Judicial review of administrative action is provided in § 536.100 RSMo 1978, and § 536.150, RSMo 1978. Section 536.150 pertains only to review of decisions affecting private rights and interests. *May Department Stores Co. v. State Tax Commission*, 308 S.W.2d 748 (Mo.1958). Section 536.100 provides that "[a]ny person who has exhausted all administrative remedies provided by law and who is aggrieved by a final decision in a contested case * * * shall be entitled to judicial review thereof * * *." A contested case is defined as "a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing." Section 536.010(2), RSMo 1978. "Contested case" within the meaning of § 536.100 does not mean every case in which there may be a contest about "rights, duties or privileges," or every case in which a hearing is required. The element of adversity is essential to the meaning as it is used in that section; in using the term "contest-

ed case" in § 536.100, the General Assembly contemplated an adversary hearing. *City of Richmond Heights v. Board of Equalization*, 586 S.W.2d 338, 342–43 (Mo.banc 1979).

Section 137.750, RSMo Supp. 1979, pertaining to general reassessment, provides in subsection 6 that "[a] plan shall be approved if not rejected [by the Commission] within sixty days after a hearing thereon. * * *" Such a hearing, however, is not in the nature of an adversarial proceeding. As evidenced by § 138.410, RSMo 1978, and *State ex rel. Cassilly v. Riney*, 576 S.W.2d 325 (Mo.banc 1979), the relationship between the Commission and the local assessing officials is supervisory in character, not adversarial. It must be presumed that the General Assembly recognized this relationship in the enactment of § 137.750 which followed the decision of *State ex rel. Cassilly v. Riney, supra*. This section was enacted to aid in the equalization of real property assessments. The purpose of the hearing is to review equalization plans proposed by the counties and to ensure that the general property tax laws are properly executed. The Commission hears only the evidence of the county officials who submit the plan. To require the Commission to conduct a full adversarial proceeding subject to judicial review for each county submitting a plan would impede the goal of equalization § 137.750 was enacted to aid.

The right to seek judicial review depends upon express authorization by statute or rule. *City of Richmond Heights v. Board of Equalization, supra*. There is no other provision granting review. The petition for review was properly dismissed; the judgment is affirmed.

All concur.