BENTON–HECHT MOVING &
STORAGE, INC., et al.,
Appellants,

v.

Larry C. CALL, substituted for Lewis
R. Crist, Director of the Missouri
Division of Insurance, Respondent,

and

National Council on Compensation
Insurance, Intervenor–Respondent.

No. WD 41549.

Missouri Court of Appeals,
Western District.

Nov. 7, 1989.

Respondent's Motion to Modify or
Change Opinion Denied
Jan. 2, 1990.

Intervenor–Respondent's Motion for Re-
hearing and/or Transfer to Supreme
Court Denied Jan. 2, 1990.

Application to Transfer Denied
Feb. 13, 1990.

James C. Swearengen and John A. Ruth, Jefferson City, for appellants.

Edward M. Vokoun, Evans and Dixon, St. Louis, for Nat. Council.

Mark Wayne Stahlhuth, Government Counsel, Jefferson City, for Mo. Div. of Ins.

Before CLARK, P.J., and LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

Appellants who represent employers engaged in the moving and transfer business, appeal the judgment of the circuit court which affirmed an order entered by the director of the Missouri Division of Insurance setting certain rates to be paid in the state as premiums for worker's compensation insurance. Appellants contend the court erred in affirming the order because it was not supported by competent and substantial evidence presented at the hearing before the director. They also argue that the director erred in limiting the proceedings at the hearing or alternatively, that the circuit court should have conducted a de novo hearing instead of reviewing the record of the hearing before the director. The judgment is reversed and the cause is remanded to the circuit court for rehearing.

■ The critical and dispositive question on this appeal is whether the public hearing conducted by the director as required by § 287.320, RSMo 1986,[1] was in the nature of a contested or non-contested case under the Administrative Procedures Act. That determination sets the parameters of judicial review both in the circuit and appellate courts and coincidentally, the presence or absence of error as appellant contends. If the decision by the director was in a contested case, then judicial review of the deci-

sion pursuant to § 536.100, is upon the record made before the administrative body with deference to its fact finding function. The decision must be affirmed if it is supported by competent and substantial evidence on the whole record, is not arbitrary, capricious or unreasonable and does not constitute an abuse of agency discretion. *Hermel, Inc. v. State Tax Comm'n*, 564 S.W.2d 888, 894 (Mo. banc 1978).

■ If, however, the hearing and decision by the director setting insurance premium rates was in a non-contested case, judicial review is conducted pursuant to § 536.150. The circuit court must conduct a de novo hearing to determine the facts without deference to the administrative body and decide whether the administrative decision conforms to the constitution and laws and is not otherwise unreasonable, arbitrary or capricious or involves an abuse of discretion. *Phipps v. School Dist.*, 645 S.W.2d 91, 95, 96 (Mo.App.1982).

■ The court of appeals reviews the decision of the circuit court on appeal in a non-contested case as in any other court tried case, applying the standards of *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976). If the administrative decision was in a contested case, then appellate review is of the decision made by the administrative agency, not that of the circuit court. *Stephenson's Restaurants, Inc. v. Mo. State Highway and Transp. Comm'n*, 666 S.W.2d 437, 440 (Mo.App.1984). The review on appeal to this court focuses on the hearing level at which the facts of the case were determined, either before the administrative body in a contested case or before the circuit court in a non-contested case.

The problem presented in the subject case arises because the director of insurance conducted the public hearing as in a non-contested case, but the circuit court did not take evidence and reach any independent determination of the facts, a review procedure applicable only to a contested case. The consequence is a record which is not in conformity either with a contested or a non-contested case. The point of initial inquiry is, therefore, to determine whether the mode of hearing before the director

---

1. All statutory references are to RSMo 1986.

was correct. The relevant facts are as follow.

In September, 1987, respondent National Council on Compensation Insurance (NCCI) filed an application with the Missouri Division of Insurance seeking a review of current rates for compensation insurance and proposing increases. The NCCI is a licensed rating organization sponsored by insurance companies. It serves to collect and analyze statistics relative to worker's compensation insurance and is a not-for-profit unincorporated association.

Upon receipt of the application and in accordance with § 287.320, the director of the division of insurance scheduled a public hearing to consider the application and determine if the proposed rate changes were fair, reasonable and adequate. Notice of the hearing was published in St. Louis, Kansas City and Jefferson City newspapers.

The hearing convened on November 17, 1987. The procedure adopted by the director for the hearing, and announced to those in attendance, provided an opportunity for anyone desiring to comment on the proposed rates to testify. Interrogation of witnesses, however, was restricted to the hearing officer and his staff. No witness testified under oath and no cross-examination of witnesses was permitted. After the hearing concluded, the director announced that the record would remain open for an additional ten days during which time any written testimony submitted would be considered.

The decision by the director was announced on December 4, 1987. An overall increase in worker's compensation premium rates was approved effective January 1, 1988. The rate for appellants' insurance was increased 18.55 percent. Appellants filed this suit in the circuit court on December 31, 1987 seeking judicial review of the director's decision. NCCI sought and was granted leave to intervene in support of the order.

Appellants' petition for review was considered by the circuit court based on the record made at the November 17, 1987 hearing before the director and arguments presented by counsel for the parties. The circuit court affirmed the director's order finding it to be lawful and reasonable in all respects and supported by competent and substantial evidence on the record as a whole. Because the circuit court took no evidence, it based its decision entirely on the evidence received by the director at the November 17, 1987 hearing.

It is immediately apparent that the mode of judicial review adopted in this case by the circuit court was appropriate only for a contested case. That choice, however, was not available to the circuit court because the director's hearing was conducted in the format of a non-contested case. If the hearing under § 287.320 should have been as in a contested case, then the circuit court should have remanded the case for a new hearing.

A contested case is a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after a hearing. Section 536.010(2); *Franklin v. Bd. of Directors*, 772 S.W.2d 873, 876 (Mo. App.1989). The statutory requirement for a hearing, in the present case, § 287.320, does not necessarily classify a case as contested. Not every case in which there is a contest about rights, duties or privileges, even though a hearing may be held, will be a contested one. *City of Richmond Heights v. Bd. of Equalization*, 586 S.W.2d 338, 342 (Mo. banc 1979).

A contested case within the meaning of § 536.100 does not mean every case in which there may be a contest about rights, duties or privileges, or every case in which a hearing is required. *St. Louis County v. State Tax Comm'n*, 608 S.W.2d 413, 414 (Mo. banc 1980). A contested case is a case which must be contested because of some requirement by statute, municipal charter, ordinance or constitutional provision for a hearing of which a record must be made unless waived. *Housing Auth. v. Lovejoy*, 762 S.W.2d 843, 844–45 (Mo.App.1988). The element of adversity is essential to the meaning of hearing as it is used in § 536.010. In using the term hearing in § 536.100, the General Assembly contemplated an adversary proceeding. *Welsch v. Dept. of Elementary & Secondary Educ.*, 731 S.W.2d 450, 453 (Mo.App.1987).

The manner in which the hearing of a contested case shall be conducted is prescribed by § 536.070. Only sworn testimony shall be taken, the parties have the right to call and examine witnesses, introduce exhibits and cross-examine opposing witnesses. *Id.* By contrast, no such format prevails in a non-contested case. The essential characteristics of notice to opposing parties, an adversarial alignment and the right to introduce evidence, hallmarks of a contested case, are not present in a non-contested case even though a statute or ordinance may impose a requirement for a hearing before issuance of an administrative order or decision. The classification of a case as contested or non-contested is not left to the ipse dixit or invention of the agency, but is determined by law. *Missourians For Separation of Church and State v. Robertson,* 592 S.W.2d 825, 843 (Mo.App.1979).

■ In the present case, it is not disputed that the statute, § 287.320, required a hearing before the director could order modification of the schedule rating for insurance carriers. The stated purpose of the hearing was "to determine upon the fairness, reasonableness, adequacy or unfairness, unreasonableness or inadequacy of such additions or changes." As the authorities cited above hold, however, the mere fact that a hearing is required by statute does not determine that the proceedings constitute a contested case.

The feature most frequently mentioned in the cases as indicative of a contested case is the adversarial character of the hearing. Obviously, the term adversarial describes a contest of opponents favoring divergent results in the decision to be made by the agency. A component of such a case is the necessity of notice to those who may constitute opponents and who are, by the notice, provided an opportunity to appear and present their evidence. The subject case lacks these features of a contested case.

Section 287.320 contains no provision for notice to anyone of the director's hearing, and the filing by NCCI which initiated the proceeding did not call for notice or indicate who would possibly have an interest in the result. Under 4 C.S.R. 190–19.020, there is provision for notice of the hearing to be given by publication, but only in metropolitan newspapers. Those individuals or organizations requesting specific notice are to receive such, but a failure of the division of insurance to comply with actual notification does not affect the validity of the order. 4 C.S.R. 190–19.020(3). Appellants therefore were without a basis to claim the right of notice as a condition of the hearing nor could they have complained were they given no notice.

In addition, the director's hearing under § 287.320 lacks the attributes of a contested case because there is no element of adversity. The legislatively announced purpose for the hearing is for the director of insurance to review the plan for insurance premium rates to ensure the rates are fair and reasonable. The function of the director in setting insurance rates is much like that of the State Tax Commission discussed in *St. Louis County v. State Tax Comm'n, supra.* There, as here, the function is supervisory in character, not adversarial. The duty of the director of insurance is merely to ascertain that rates for insurance coverage in worker's compensation are fair, neither too high nor too low. These details confirm that no adversarial proceeding of any kind occurred, not because the witnesses gave unsworn testimony and not because the right of cross-examination and introduction of evidence was denied, but because the hearing purpose set out in the statute was supervisory and not adversarial. *See St. Louis County v. State Tax Comm'n, supra; Housing Auth. v. Lovejoy, supra; Smith v. Mo. State Bd. of Probation and Parole,* 743 S.W.2d 123, 125 (Mo.App.1988).

■ The conclusion that the subject hearing before the director of insurance was a non-contested case overcomes appellants' objections to the restrictions on their participation in the hearing. In a non-contested case, there is no right in opponents of the proposal to introduce evidence or cross-examine witnesses nor must witnesses be sworn. This holding does not, however, resolve the problem of the procedure employed by the circuit court in deciding the petition for review.

None of the parties argues that judicial review of the director's decision in this case was not available. Therefore, the procedure required in the circuit court was that applicable to non-contested cases. The court does not review the record made before the agency, but proceeds to hear the case de novo. At such hearing, the parties enjoy the usual rights to call witnesses, introduce documentary evidence and cross-examine witnesses. Based upon such evidence, the circuit court must decide whether the director's order was lawful and not otherwise unreasonable, arbitrary, capricious or an abuse of discretion. *Phipps v. School Dist., supra.* Judicial review was not provided here as in a non-contested case and in that respect, the trial court erred.

The judgment is reversed and the cause is remanded to the circuit court for further proceedings in conformity with this opinion. Costs on appeal are taxed against intervenor-respondent, National Council On Compensation Insurance.

All concur.