SHAWNEE BEND SPECIAL ROAD
DISTRICT "D," et al.,
Plaintiffs–Appellants,

v.

CAMDEN COUNTY COMMISSION, et
al., Defendants–Respondents.

No. 16685.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 10, 1990.

Mary Adele Greer, Laurie, for plaintiffs-appellants.

Hamp Ford, David W. Walker, Knight, Ford, Wright, Atwill, Parshall & Baker, Columbia, for defendants-respondents.

FLANIGAN, Chief Judge.

On November 3, 1988, plaintiffs filed in the Circuit Court of Camden County a "Petition for Review," seeking to challenge an order of the Camden County Commission ("the county commission"), issued on October 24, 1988, dissolving Shawnee Bend Special Road District "D" ("the road district"), which had been organized under the provisions of §§ 233.170 to 233.315.[1] Plaintiffs in the proceeding are the road district, the last elected commissioners of the road district, and other residents of the district. Defendants are the county commission, the three members of the county commission, and the county clerk.

During the course of the circuit court proceeding, plaintiffs and defendants, through their respective attorneys, on June 13, 1989, filed a document entitled "Stipulation of Facts." On October 16, 1989, the court entered judgment in favor of the defendants and against the plaintiffs. The judgment affirmed the order of the county commission.

The judgment recited that the record before the county commission was not filed in the circuit court within the 30-day period required by § 536.130.1, and that the duty to file the record was upon plaintiffs under § 536.130.4. The judgment also recited that for those reasons "plaintiffs did not perfect their request for judicial review." The judgment further recited that the court had "gratuitously" reviewed the stipulation and "considering the limited scope of judicial review permitted by § 536.140.2 and the further restriction imposed on the court by § 536.140.5 ... the court concludes that plaintiffs' action, on its merits, fails." The

---

**1.** Except where otherwise indicated, all references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

judgment also recited: "Further, the facts set forth in the stipulation of the parties do not show any legal 'conflict of interest' which disabled the members of the Camden County Commission from acting on the petition to disincorporate the special road district." Plaintiffs appeal.

The statement of facts portion of the brief of plaintiffs-appellants sets forth several facts concerning events preceding October 24, 1988, the date of the issuance of the county commission's order. In their brief, defendants-respondents adopt that statement of facts.

Section 49.220 reads, in pertinent part:

"If a majority of the commissioners of the county commission shall be interested in any cause or proceeding pending before them, ... the same shall be certified with the original papers to the circuit court of the county, which shall proceed thereon to final judgment and determination in like manner as the county commission should have done."

For the reasons which follow, this court holds that under the stipulated facts it was the duty of the county commission, under § 49.220, to have certified the proceeding, "with the original papers," to the Circuit Court of Camden County and, in turn, it was the duty of that court, under § 49.220, to "proceed thereon to final judgment and determination in like manner as the county commission should have done."

Section 233.295 reads:

"Whenever a petition, signed by the owners of a majority of the acres of land, within a road district organized under the provisions of sections 233.170 to 233.-315 shall be filed with the county commission of any county in which said district is situated, setting forth the name of the district and the number of acres owned by each signer of such petition and the whole number of acres in said district, the said county commission shall have power, if in its opinion the public good will be thereby advanced to disincorporate such road district. No such

road district shall be disincorporated until notice be published in some newspaper published in the county where the same is situated for four weeks successively prior to the hearing of said petition."

Appellants' "statement of facts" includes the matters set forth in the following 8 paragraphs.

In November and December 1986, petitions praying for the disincorporation of the road district were executed by certain individuals and corporations owning property within the district. Those petitions were filed with and verified by defendant Leo Marler, Camden County Clerk, on December 15, 1986.

In July and August 1988, petitions praying for the disincorporation of the road district "were executed by different individuals and/or corporations owning property within the road district." Those petitions were filed with and verified by defendant Marler on October 13, 1988.

"The petitions filed in 1986 and 1988 combined, constituted a 'majority of acreage owners' as that term is used in Section 233.295, RSMo,[2] but neither the petitions filed in 1986 nor those filed in 1988, considered separately for each year, constituted a 'majority of acreage owners' as that term is used in Section 233.295, RSMo. The plaintiff road commissioners were notified of the filing of said petitions by virtue of the publication for four successive weeks in the Reveille Newspaper, located in Camdenton, Missouri, of a notice stating that the defendant commissioners would hold a public hearing pursuant to Section 233.295, on the 13th day of October 1988, to consider the petitions for disincorporation."

Prior to the commencement of the public hearing, plaintiffs filed with defendant Marler, the county clerk, "affidavits executed by individuals and/or corporations owning property within said district withdrawing their names from the petitions previously filed. Those individuals and/or cor-

---

**2.** Contrary to the stipulation, § 233.295 does not use the term "majority of acreage owners." The term used in the statute is "the owners of a majority of the acres. . . ." There is an obvious distinction between a majority of owners and a majority of acres.

porations requesting such withdrawal constitute a majority of acreage owners within said district."

Thereafter, defendant commissioners called the public hearing to order at 10 a.m. on October 13, 1988. Present at the hearing were "plaintiff-commissioners, defendant-commissioners and defendant Leo Marler."

"Defendant Marler announced the filings of the affidavits executed by a majority of the acreage owners within said district withdrawing their signatures from the petitions for disincorporation leaving approximately 1,600 acres. Leo Marler further stated that, therefore, there was insufficient acreage left upon which the defendant commission could act.

"Testimony was received by defendant commission on the issue of disincorporation. Plaintiff commissioners stated that they felt the defendant commissioners had a conflict of interest in considering the petitions for disincorporation, since they were named defendants in a lawsuit then pending in the Circuit Court of Camden County filed by plaintiff road district (Case CV188–122CC) filed on the 24th day of March, 1988."

The county commission also heard testimony from individuals supporting the disincorporation of the road district. At the conclusion of the public hearing, the county commission took the matter under advisement. After the public hearing, the road district filed with the county clerk petitions executed by individuals owning property within the district who were opposing the disincorporation of the district. On October 24, 1988, the county commission issued its final order dissolving the road district.

The "petition for review" filed by plaintiffs in the circuit court alleged that the order of dissolution was unlawful because: (a) defendants did not have "the requisite number of acreage owners" supporting the disincorporation because the petitions supporting disincorporation were unlawful in that more than half of the number of "acreage owners" executing the petitions did so almost two years prior to the public meeting and "the majority of the acreage owners," prior to the public meeting and prior to the issuance of the order, had expressed their opposition to the disincorporation by affidavit, petition, and/or oral testimony; (b) the county commission issued the order notwithstanding the fact it had an inherent conflict of interest; (c) the county commission failed to record the public hearing so that a record of same could be preserved for review by the court.

In this court, each of the four "points relied on" advanced by plaintiffs here seeks to attack a finding or ruling of the trial court. Plaintiffs claim that the trial court erred (1) in finding that plaintiffs failed to perfect their request for judicial review by not complying with § 536.130.1, which deals with the time for filing the "record before the agency" in the reviewing court, because there was no record of the proceedings kept by the county commission and, further, "the parties agreed to submit the matter by stipulation to the trial court"; (2) in affirming the county commission's order "since defendants lacked jurisdiction to proceed due to the fact that the petitions advocating the disincorporation lacked the requisite number of acreage owners"; (3) in finding that the facts do not show any conflict of interest which would have disabled the defendant commissioners from considering the petitions advocating the dissolution of the road district; and (4) in failing to find that the order dissolving the road district "was arbitrary, capricious, not supported by competent and substantial evidence, and an abuse of discretion."

This court finds that point 3 is meritorious. In presenting the rationale for that finding, this court will refer to portions of the other points to the extent that the unusual facts require such references.

Statutes pertinent to issues on this appeal include the following:

Section 49.230:

"Appeals from the decisions, findings and orders of county commissions shall be conducted under the provisions of chapter 536, RSMo."

Section 536.010:

"For the purpose of this chapter:

(1) 'Agency' means any administrative officer or body existing under the constitution or by law and authorized by law or the constitution to make rules or to adjudicate contested cases;

(2) 'Contested case' means a proceeding before an agency in which legal rights, duties or privileges of specific parties are required by law to be determined after hearing;

..."

Section 536.070:

"In any contested case:

. . . . .

(4) Each agency shall cause all proceedings in hearings before it to be suitably recorded and preserved. A copy of the transcript of such a proceeding shall be made available to any interested person upon the payment of a fee which shall in no case exceed the reasonable cost of preparation and supply."

Section 536.130.1:

"Within thirty days after the filing of the petition or within such further time as the court may allow, the record before the agency shall be filed in the reviewing court. Such record shall consist of any one of the following:

(1) Such parts of the record, proceedings and evidence before the agency as the parties by written stipulation may agree upon;

(2) An agreed statement of the case, agreed to by all parties and approved as correct by the agency;

(3) A complete transcript of the entire record, proceedings and evidence before the agency...."

Section 536.140.2:

"The inquiry may extend to a determination of whether the action of the agency

. . . . .

(4) Is, for any other reason, unauthorized by law; ...

(5) Is made upon unlawful procedure or without a fair trial."

Section 536.140.4:

"... The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record."

In a proceeding under Chapter 536, it is usually necessary to determine whether the case is a "contested case" or is a so-called non-contested case. A case of the latter type is dealt with by § 536.150.

■ Generally speaking, in a contested case, judicial review is based on the record made before the agency. *Benton–Hecht Moving & Storage, Inc. v. Call,* 782 S.W.2d 668, 669 (Mo.App.1989). The scope of review, both for the circuit court and the court of appeals, is prescribed by § 536.140. *Kimble v. Worth County R–III Bd. of Educ.,* 669 S.W.2d 949, 951 (Mo.App. 1984); *Phipps v. School Dist. of Kansas City,* 645 S.W.2d 91, 95 (Mo.App.1982). The court of appeals reviews the decision of the agency, not the judgment of the circuit court. *City of Cabool v. Mo. State Bd. of Mediation,* 689 S.W.2d 51, 53[1] (Mo. banc 1985); *Kimble, supra,* 669 S.W.2d at 951. A challenge to a board member's participation in the proceeding is properly addressed to the board's action. § 536.140.2. *City of Cabool, supra,* 689 S.W.2d at 53[1]. A case is not necessarily a contested case because a statute requires a hearing. *St. Louis County v. State Tax Commission,* 608 S.W.2d 413, 414 (Mo. banc 1980); *City of Richmond Heights v. Bd. of Equalization,* 586 S.W.2d 338, 342 (Mo. banc 1979). The existence of opposing interests alone falls short of meeting the statutory definition of a contested case. *City of Richmond Heights, supra,* at 342. The classification of a case as contested or non-contested is not left to the will of the agency but is determined by law. *Franklin v. Board of Directors,* 772 S.W.2d 873, 877 (Mo.App.1989). The hearing requirement is the key to the classification and the requirement must be found in a constitutional provision, statute, municipal charter or ordinance. *State v. Jensen,* 318 S.W.2d 353, 356 (Mo. banc 1958); *Franklin, supra,* at 876. As used in § 536.010, "hearing" means an adversary hearing. *St. Louis County v. State Tax Commission, supra,*

608 S.W.2d at 414; *Benton–Hecht Moving & Storage, Inc. v. Call, supra,* 782 S.W.2d at 670. The word "hearing" as used in § 536.010 is discussed in *City of Richmond Heights, supra,* 586 S.W.2d at 342.

In a contested case, "[E]ach agency shall cause all proceedings in hearings before it to be suitably recorded and preserved." § 536.070(4). In a series of cases our supreme court has made it clear that where no record was made of the agency proceeding, the circuit court, in a review proceeding, should remand the matter to the agency. *Labrayere v. Goldberg,* 605 S.W.2d 79, 86 (Mo. banc 1980); *Sullivan County v. State Tax Commission,* 513 S.W.2d 452 (Mo.1974); *Buff v. State Tax Commission of Missouri,* 467 S.W.2d 273 (Mo.1971); *In re Village of Lone Jack,* 419 S.W.2d 87 (Mo. banc 1967). The absence of a record of the agency proceeding required remand even though, at the agency stage, the parties expressly waived the making of the record. *Sullivan County v. State Tax Commission, supra.* The court pointed out in *Sullivan County* that a full-blown rehearing would not be necessary if a record was prepared which complied with any of the three methods of presenting a record set forth in § 536.130.1, supra.

■■■■ On the other hand, if a Chapter 536 case is a "non-contested case," judicial review is pursuant to § 536.150 and the circuit court conducts a de novo hearing, *Benton–Hecht Moving & Storage, Inc., supra,* 782 S.W.2d at 669, and may receive additional evidence. *Travers v. Bd. of Tr. of Emp. Ret. Sys.,* 756 S.W.2d 623, 625 (Mo.App.1988). The circuit court determines the facts and determines whether the agency decision is unreasonable or illegal or unconstitutional. *Benton–Hecht Moving & Storage, Inc., supra,* at 669;

*Phipps, supra,* 645 S.W.2d at 95–96. The court of appeals reviews the decision of the circuit court under the guidelines of Rule 73.01 and *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). *Phipps, supra,* at 97. For a party to have standing for review under § 536.150, the agency action must directly affect private rights of the party seeking judicial review. *Mo. Health Care v. Health Fac. Rev. Com.,* 777 S.W.2d 241, 244 (Mo.App.1989). In a non-contested case, while the proceeding is at the agency level, the opponents have no right to introduce evidence or to cross-examine witnesses, and the witnesses need not be sworn. *Benton–Hecht Moving & Storage, Inc., supra,* at 671.

Section 233.295, supra, dealing with dissolution of a road district of the type involved here, was dealt with in *In re Weston Benefit Assessment, Etc.,* 294 S.W.2d 353 (Mo.App.1956). See also *State v. Maughmer,* 275 S.W.2d 385 (Mo.App.1955), an earlier proceeding in the same case.

In *Weston,* the road district appealed from the judgment of the Circuit Court of Platte County affirming an order of the county court of that county disincorporating the road district.[3] The court of appeals said that the scope of judicial review of the county court disincorporating the road district was that provided by Art. 5, § 22 [now Art. 5, § 18] of the Missouri Constitution "as implemented by § 536.140." The latter statute deals with appeals in "contested cases."[4]

In *Weston,* at the outset of the hearing before the county court, the road district attempted to disqualify one member of the county court, Judge Thompson, on the ground that he, as an owner of land within the district, had signed the petition for

---

3. In 1983, various statutes in Chapter 49 RSMo, including § 49.220, § 49.225 and § 49.230, set forth earlier in the opinion, were amended to comply with § 49.010 which provides, in part, that "the county court shall be known as the 'county commission' and shall be composed of three members, to be styled 'commissioners' of the county." Throughout the chapter, "commission" was substituted for "court," "commissioners" was substituted for "judges," and "county commission" was substituted for "county court."

4. At the time *Weston* was decided, § 49.230, dealing with appeals from orders of county courts, now county commissions, stated that the circuit court "shall proceed to hear and determine the case in the manner provided by § 536.140." That language remained in § 49.230 until it was amended in 1985 to read, as it now does, that such appeals "shall be conducted under the provisions of Chapter 536 RSMo."

disincorporation and had solicited other signatures. Evidence to that effect was given at the hearing in the circuit court. At 356 the court said:

"Section 536.140 of said act reads in part as follows: '2. The inquiry may extend to a determination of whether the action of the agency * * * (5) Is made upon unlawful procedure or without a fair trial.' Subsection 4 of Section 536.-140 contains this provision: 'The court may in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record.'

... We are of the opinion that under the provisions of Section 536.140 quoted above, it was proper to introduce this testimony for the purpose of showing that appellant was not afforded a fair hearing before the county court, and that the circuit court erred in ruling that it could not consider such testimony in reviewing the order of the county court.

Section 49.220 [5] provides in effect that no judge of a county court shall sit in any cause or proceeding in which he has a personal interest, or when he is related to either party. See *State ex rel. Morrison v. Stanton*, 235 Mo. 222, 229, 138 S.W. 337; *Price v. Springfield Real–Estate Ass'n*, 101 Mo. 107, 117, 14 S.W. 57. Judge Thompson was disqualified by reason of his personal interest in the proceeding. Moreover, he was disqualified because he asked some of the landowners in the road district to sign the petition for disincorporation. Such conduct was at variance with the impartial performance of his duties as a judge of the county court."

The court of appeals held that Judge Thompson was disqualified on account of interest and bias and that his participation in the proceeding may have influenced the opinion of the other members of the county court and that the order disincorporating the road district was invalid.

According to the stipulation filed in the case at bar, the instant plaintiff road district and another road district sued the instant defendants in another case, Civil Action CV188–122CC ["the other action"]. The other action was filed on March 24, 1988, and was still pending when the county commission entered the challenged order of dissolution.

The first amended petition in the other action is in five counts, is 21 pages long and is included in the record on appeal. It discloses that the other action concerns over $2,000,000 which Camden County received from the County Aid Road Trust Fund. The petition alleges that the defendants have not complied with certain statutory duties and have refused to appropriate sums allegedly due to the plaintiff road district. It also alleges that the commission has denied the road district's requests with regard to the fund and that the denial is arbitrary and capricious.

Section 49.220, supra, required a transfer of the proceeding to the circuit court if "a majority of the commissioners of the county commission shall be interested" in the proceeding. Section 49.220 was involved in *State v. Stanton*, 235 Mo. 222, 138 S.W. 337 (1911), where a proceeding to organize a drainage district was filed in the county court. The county court disqualified itself because one of its members owned land in the proposed district and another member was a first cousin of one of the landowners. The county court transferred the matter to the circuit court. A prohibition proceeding was instituted, challenging the jurisdiction of the circuit court to hear the matter. The argument was made that only the county court had statutory jurisdiction. Rejecting that contention, the supreme court said, 138 S.W. at 338:

reads: "No judge of any court of record, who is interested in any suit or related to either party, or who shall have been of counsel in any suit or proceeding pending before him, shall, without the express consent of the parties thereto, sit on the trial or determination thereof."

---

**5.** In citing § 49.220, the court was mistaken because that statute deals with a situation where a majority of the commissioners of the county commission, formerly a majority of the judges of the county court, shall be interested in any cause. The cases cited in the quotation from *Weston* dealt with what is now § 476.180, which

"County courts have exclusive jurisdiction of a great number of proceedings; but that can furnish no reason why such courts may not be ousted of such jurisdiction when for a statutory reason they are disqualified to hear same.

The policy of our law is that no person shall be forced to try a cause before a judge or court who is personally interested in the property or matter in controversy, or related to one so interested; and, when no change of venue is provided for, *the statute authorizing the transfer of the cause to a disinterested tribunal should be liberally construed.*" (Emphasis added.)

Even aside from § 49.220, the road district, as a matter of due process, was entitled to a fair trial before the county commission. In *Withrow v. Larkin*, 421 U.S. 35, 95 S.Ct. 1456, 1464, 43 L.Ed.2d 712 (1975), the Court said: "Concededly, a 'fair trial in a fair tribunal is a basic requirement of due process.' ... This applies to administrative agencies which adjudicate as well as to courts.... Not only is a biased decisionmaker constitutionally unacceptable but 'our system of law has always endeavored to prevent even the probability of unfairness.'" (Citing authorities.)

It should be noted that even in contested cases the inquiry [in the circuit court] "may extend to a determination of whether the action of the agency ... (5) is made upon unlawful procedure or without a fair trial." § 536.140.2.

 According § 49.220 the liberal construction required by *Stanton*, this court holds that the pendency of the other action had the legal effect of making the commissioners of the county commission, all of them and so necessarily a majority of them, "interested" in the proceeding to dissolve the road district.

It would be difficult to present a clearer example of such an interest. Here the county commission was presented with the opportunity to dissolve its adversary in the other action. In a situation where the county commission, acting properly under § 233.295, dissolves a road district, the county commission has a duty, under § 233.305, to "appoint some competent person to act as trustee for the road district so dissolved." The powers of such trustee, as set forth in § 233.310, include the power "to prosecute and defend to final judgment all suits instituted by or against the road district."

The record on appeal does not reflect whether the county commission, after entering its purported order of October 24, 1988, appointed a trustee. Under the circumstances here, any such appointment would mean that, in the other action, the county commission would be faced by its own appointee as its titular adversary.

This court does not impugn the integrity of the individual commissioners, but each of them would only be human if the pendency of the other action might enter into their treatment of the petitions to disincorporate the road district.

This court holds that the order of the county commission, issued on October 24, 1988, is void and that the county commission, under § 49.220, had the duty to certify the proceeding to the circuit court "with the original papers." It was the duty of the circuit court to "proceed thereon to final judgment and determination in like manner as the county commission should have done." § 49.220. "Although the court may be a court of general jurisdiction, when it is engaged in the exercise of a special statutory power its jurisdiction is limited by such statutory power." *Randles v. Schaffner*, 485 S.W.2d 1, 3[6] (Mo. 1972).

The role of the circuit court, after such transfer, was not the role it would ordinarily perform in an appeal under Chapter 536. It was the duty of the circuit court to assume the role of the county commission and to proceed under § 233.295 as if it were the county commission. That was not done here.

The judgment is reversed and the cause is remanded to the circuit court with the following directions:

1. In the event the circuit court is not now in possession of "the original papers" of the proceedings filed in the county com-

mission, the court is to take the steps necessary to obtain the original papers.

2. The circuit court shall determine whether or not the original papers include or constitute "a petition" which meets the requirements of § 233.295.

3. If the circuit court finds that such requirements are not met, it shall enter its order dismissing the proceeding.[6] If the circuit court determines that such requirements have been met, it shall publish the notice required by § 233.295 and proceed to hold a hearing and proceed to final judgment and determination in like manner as the county commission should have done.

It is so ordered.

HOGAN and SHRUM, JJ., concur.

---

**6.** Nothing in this opinion affects the right, if any, of anyone to appeal from, or take any other step to challenge, such dismissal or such finding.